[No. 8248-5-I.   Division One.   July 21, 1980.]

THE CITY OF SEATTLE, *Respondent,* v. NORMAN
E. SEE, *Appellant.*

*Andrew Curtis, Jr.,* and *Abbott, Curtis, Galvin & San-dell,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Katherine Kuri-yama, Assistant,* for respondent.

DORE, J.—Defendant See appeals from a judgment find-ing him guilty of a violation of a Seattle ordinance. We affirm.

### ISSUES

1. Was the warrant which was issued an inspection war-rant or a criminal warrant?

2. Was the warrant issued upon probable cause?

### FACTS

On August 15, 1977, Lieutenant Tong of the Seattle Fire Department made an annual inspection of an apartment building owned by the defendant, pursuant to Seattle ordi-nance No. 106107 (1977) (Fire Code). A tenant allowed Lieutenant Tong to enter the laundry room where he found a portable fire extinguisher which had not been properly labeled. This was a violation of Fire Code § 13.304, § 4.

On August 24, 1977, the Seattle Fire Chief sent a letter to the defendant which described the subject violation, as well as another (unused paint cans and/or other flammable liq-uid containers). The letter advised that there would be another inspection in approximately 15 days to ensure that corrective measures had been effectuated. Subsequent

attempts by the fire-department to make the follow–up inspection proved futile. An excerpt from finding of fact No. 1 described these attempts:

Monthly attempts were made by members of Engine 9, C shift to reinspect Mr. See's apartment house but the building was locked. Lt. Tong attempted to reinspect the premises on December 5, 1977 and found it locked. On January 17, 1978 Lt. John Gablehouse, a member of the Seattle Fire Department, called Mr. See and identified himself in an attempt to secure an appointment for a reinspection. Mr. See told him to look him up in the United States Supreme Court and Fire Department records, refused permission for a reinspection and hung up. Mr. See's premises was [sic] also locked on January 18, 1978 when an inspector attempted to reinspect the premises.

On March 9, 1978, the City of Seattle applied for a fire inspection warrant, pursuant to RCW 35.22.460, city ordinance No. 106107, §§ 1.207 and 1.209, based upon the affidavit of Lieutenant Childs[1] of the Seattle Fire Department. The inspectors gained entry by "picking" the lock, after finding no one on the premises. A copy of the warrant was left in a conspicuous place at the premises. The inspectors found the same violations as had been discovered the prior August.

Thereafter, Lieutenant Childs located See at the defendant's store and unsuccessfully attempted to resolve the problem.

Lieutenant Childs then issued a citation on March 13, 1978, charging See with an ordinance violation. See was found guilty in municipal court. He moved to suppress evidence, quash the warrant, and dismiss and set aside the charges on constitutional grounds. On appeal to the Superior Court, the defendant was found guilty in a de novo trial. He now appeals to this court.

---

[1]The affidavit states that violations were found at See's building, that See refused to allow the reinspection, and that a warrant is needed so that the fire department can determine whether or not the violations have been corrected.

DECISION

ISSUE 1: An inspection warrant, not a criminal warrant was issued.

The City argues that the inspection was not for the purpose of gathering evidence of a crime,[2] as defendant contends, but its primary purpose was an attempt to prevent conditions which may create fire hazards. Both parties agree that an administrative warrant cannot be used once inspectors focus their attention on assembling proof of a crime. *Michigan v. Tyler*, 436 U.S. 499, 56 L. Ed. 2d 486, 98 S. Ct. 1942 (1978).

After the initial inspection (August 1977), defendant was given notice of the violations and ample time to remedy them. The City conducted a reinspection to verify whether the corrections had been made. Even after the reinspection, defendant was contacted about voluntary compliance. Only after his continued refusal to cooperate did the citation issue.

■ The leading United States Supreme Court cases in the administrative search area are *Camara v. Municipal Ct.*, 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727 (1967), and its companion case, *See v. Seattle*, 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737 (1967). They balance the limited intrusion into a person's privacy against the State's need to protect the public's health and safety.

Here, the intrusion was into a laundry room in an apartment building. Although this room was kept locked, the expectation of privacy in that type of common area is limited. Balanced against this is the fire department's efforts to enforce the Fire Code. The court in *Camara* stated:

[B]ecause the inspections are neither personal in nature nor aimed at the discovery of evidence of crime, they involve a relatively limited invasion of the urban citizen's

---

[2]It is improbable that the fire department would have been able to obtain a criminal search warrant. The inspectors had no reason to believe that they would find the violations which they had found in August. In other words, it would be impossible for a neutral and detached magistrate to determine that there was probable cause to believe a criminal violation had occurred.

privacy. Both the majority and the dissent in *Frank* [*Frank v. Maryland*, 359 U.S. 360, 3 L. Ed. 2d 877, 79 S. Ct. 804 (1959)] emphatically supported this conclusion:

"Time and experience have forcefully taught that the power to inspect dwelling places, either as a matter of systematic area–by–area search or, as here, to treat a specific problem, is of indispensable importance to the maintenance of community health; a power that would be greatly hobbled by the blanket requirement of the safeguards necessary for a search of evidence of criminal acts. The need for preventive action is great, and city after city has seen this need and granted the power of inspection to its health officials; and these inspections are apparently welcomed by all but an insignificant few. Certainly, the nature of our society has not vitiated the need for inspections first thought necessary 158 years ago, nor has experience revealed any abuse or inroad on freedom in meeting this need by means that history and dominant public opinion have sanctioned." 359 U.S., at 372 [3 L. Ed. 2d at 885].

*Camara v. Municipal Ct., supra* at 537. It is clear that *Camara* provides the authority for an inspection warrant, which was issued in the subject case.

ISSUE 2: Warrant was issued upon probable cause.

Defendant argues that the inspection warrant was not issued upon probable cause because (1) the facts upon which the warrant was based were not current, and (2) no showing was made in the affidavit to support the warrant that there was a need for a periodic inspection to conduct an area inspection in which this particular building was situated.

■ The City answers that the warrant was issued upon probable cause as defined in *Camara*.[3] The traditional approach to probable cause and search warrant standards (developed in the criminal search context) does not apply in cases of inspection warrants which are administrative in

---

[3] "'[P]robable cause' to issue a warrant to inspect must exist if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling." *Camara v. Municipal Ct., supra* at 538.

nature. A more flexible standard of reasonableness has developed with the issuance of inspection warrants.

Reasonable legislative and administrative standards for conducting an inspection at See's building were followed. The fire department inspection manual outlines specific procedures which the fire department must follow. It provides for annual inspections of all occupancies, except private dwellings. The defendant's building was part of an overall inspection program for Seattle.

The United States Supreme Court recently addressed itself to this issue in *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320, 56 L. Ed. 2d 305, 98 S. Ct. 1816 (1978):

> Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, *probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation* but also on a showing that "reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]."

(Footnote omitted. Italics ours.)

In the case at bar, a showing of probable cause can be made out either based on the legislative scheme, or on the specific evidence of an existing violation.

We have reviewed the defendant's remaining assignments of error and find them to be without merit.

Affirmed.

CALLOW, C.J., and RINGOLD, J., concur.

Reconsideration denied September 8, 1980.

Review denied by Supreme Court November 7, 1980.