[No. 4799–II.   Division Two.   April 22, 1981.]

THE CITY OF SEATTLE, ET AL, *Respondents,* v. LILLY L. LEACH, *Appellant.*

*Lilly L. Leach,* pro se.

*Douglas N. Jewett, City Attorney,* and *Katherine Kuri-yama, Assistant,* for respondents.

PETRIE, A.C.J.—Defendant, Lilly Leach, appeals her conviction of violating the Seattle Fire Code. Because we believe the affidavit and application in support of the inspection warrant issued to inspect defendant's building were insufficient, we reverse.

On May 12, 1978, a member of the Seattle Fire Department attempted to inspect Ms. Leach's apartment building as part of an annual inspection program. When permission was refused, the department sought an inspection warrant from the Seattle Municipal Court. An affidavit signed by an inspector for the fire department and an application signed by an assistant city attorney were presented in support of the warrant.[1] The warrant was issued, and on May 23, 1978 the apartment building was inspected. During the inspec-

---

[1]The affidavit in its entirety states:

"Gerald Childs, being first duly sworn, states upon oath: that he is an inspector with the Seattle Fire Department and is familiar with the records pertaining to Ms. Lilly Leach and the Apartment at 6710 Corson Avenue South, Seattle, Washington; that the records indicate that at 9:00 A.M. on May 12, 1978, fire inspector Hutchinson contacted Ms. Leach, the owner of the above indicated apartment and requested an appointment to make a regular building inspection which is conducted for all apartment buildings; that Ms. Leach refused to set up an appointment or to permit an inspection; that an inspection warrant is therefore necessary to conduct this inspection."

The warrant application, in its entirety, states:

"Comes now The City of Seattle and applies to the Court for issuance of a Fire Department inspection warrant authorizing the Fire Chief of the Seattle Fire Department or his authorized representative to enter the above–described premises for the purpose of inspecting the same pursuant to City ordinance to ascertain and cause to be corrected any condition liable to cause fire, or any violations of the Seattle Fire Code, under authority of Seattle Ordinance 106107, Sections 1.207 and 1.209, on the 23rd day of May, 1978, between the hours of 9:00 A.M. and 4:00 P.M.

"This application is based on the authority of RCW 35.22.460 which provides that the Police Judge in cities of the first class shall have full power to issue all warrants necessary to enforce the ordinances of a city, and upon Ordinance 106107, Sections 1.207 and 1.209, and upon the affidavit of Gerald Childs, a member of the Seattle Fire Department."

tion numerous violations of the Seattle Fire Code were discovered.

A letter was sent to Ms. Leach detailing the violations and giving her 15 days to correct them. When the department attempted to reinspect the premises, permission was again denied. Another inspection warrant was secured, and on September 7, 1978 the premises were reinspected. During this reinspection the inspector discovered a flexible cord being used as permanent wiring, a violation of the Seattle Electrical Code.

Five days later the City issued a uniform complaint/citation to Ms. Leach, charging her with violating the Fire Code.[2] She was found guilty of the violation by the Seattle Municipal Court; her 30-day jail sentence was suspended on condition that she repair the violation and allow a reinspection of her building within 90 days. Defendant appealed to the Superior Court for King County for a trial de novo. Prior to her trial the Superior Court granted the City's motion to amend the complaint to clarify the charge against Ms. Leach. During trial Ms. Leach moved to quash the inspection warrants, contending the inspections violated her rights under the Fourth and Fourteenth Amendments. The court denied this motion, subsequently convicting Ms. Leach on the amended complaint and fining her $100. From this conviction she now appeals.

On appeal Ms. Leach raises only two issues of any substance.[3] Initially, she contends that the Superior Court erred in allowing the City to amend its complaint. Defendant argues that the charge on which she was convicted in municipal court was different from the charge alleged in the amended complaint. RCW 35.22.560, however, specifically

---

[2] Section 27.404 of the Seattle Fire Code makes any violation of the Electrical Code a violation of the Fire Code.

[3] Defendant, appearing pro se, raises 13 assignments of error on appeal. Because many of these assignments overlap or are frivolous, we have narrowed our review to the pertinent issues. *See* RAP 7.3; *Hall v. American Nat'l Plastics, Inc.*, 73 Wn.2d 203, 437 P.2d 693 (1968).

allows a city to file an amended complaint in a trial de novo. Further, the amended complaint merely clarified the initial complaint by specifying which section of the Electrical Code Ms. Leach allegedly violated. Consequently, the court did not err in allowing the City to amend its complaint.

The second issue concerns the constitutionality of the inspection warrants. In the superior court Ms. Leach contended, *inter alia,* that the documents submitted in support of the May 23 warrant were insufficient to establish the appropriate level of probable cause. We agree.

██ Our analysis of this issue begins with the well established principle that the warrant requirement of the Fourth Amendment applies to administrative inspections such as those involved in this case. *See Camara v. Municipal Court,* 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727 (1967); *See v. Seattle,* 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737 (1967). Equally well established is the principle that a lesser degree of probable cause is necessary to satisfy issuing an inspection warrant than is required in a criminal case. *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 56 L. Ed. 2d 305, 98 S. Ct. 1816 (1978). An administrative inspection warrant may be based on either (1) specific evidence of an existing violation, or (2) a general inspection program based on reasonable legislative or administrative standards derived from neutral sources. *Marshall v. Barlow's, Inc.,* 436 U.S. at 320–21. Requiring that a warrant be based on this latter program (absent specific evidence of a violation) insures that any inspection is reasonable and not subject to the "unbridled discretion" of the agency making the inspection. *Marshall v. Barlow's, Inc.,* 436 U.S. at 323.

Given this requirement for an inspection program based on neutral criteria, it necessarily follows that any application for an inspection warrant must describe the program in sufficient detail to enable the "neutral and detached magistrate" to determine that "there is a reasonable legislative or administrative inspection program and . . . that the desired inspection fits within that program." *In re North-*

*west Airlines, Inc.*, 587 F.2d 12, 14–15 (7th Cir. 1978). Further, in reviewing the validity of any warrant we may consider *only* information before the magistrate at the time the warrant was issued. *In re Gilbert & Bennett Mfg. Co.*, 589 F.2d 1335, 1342 (7th Cir. 1979). *See also Aguilar v. Texas*, 378 U.S. 108, 109 n.1, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

In contending that the May 23 warrant was valid, the City relies entirely on the fact that the inspection of Ms. Leach's building was conducted according to a general plan. The documents submitted in support of the May 23 warrant, however, did not describe the fire department's inspection program in sufficient detail to allow the magistrate "to ascertain that there is in fact a program or what the nature of such a program might be, let alone whether it is reasonable." *In re Northwest Airlines, Inc.*, 587 F.2d at 15. The affidavit submitted merely alleges that the inspection of Ms. Leach's building was part of "a regular building inspection which is conducted for all apartment buildings." There is no mention or description of the comprehensive inspection program adopted by the City. The fact that a sufficiently comprehensive and detailed program did exist is irrelevant, as we must look only to what information was before the magistrate. Nor is the warrant application signed by the assistant city attorney sufficient, as it merely details the fire department's authority to conduct inspections and the municipal court's authority to issue warrants. The warrant application is silent as to the precise nature of the inspection program. Consequently, we hold that the May 23 inspection warrant was invalid.[4] Because the conviction

[4]We do not believe our holding is necessarily inconsistent with the recent case of *Seattle v. See*, 26 Wn. App. 891, 614 P.2d 254 (1980). In that case Division One upheld an inspection warrant on the grounds that there was an inspection program *and* that specific evidence of a violation existed. The opinion in *See* does not discuss in detail the affidavit submitted by the City. *See Seattle v. See, supra* at 893 n.1. Thus, it is impossible to determine how extensively the inspection program was discussed. Further, in contrast to this case, the warrant was also issued on evidence of a specific violation.

now being appealed stems from reinspections for violations discovered during the May 23 inspection, this conviction must be reversed. *See Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963).

Judgment reversed and this cause is remanded with direction to dismiss the charge.

PEARSON and PETRICH, JJ., concur.

Reconsideration denied May 21, 1981.