[No. 38212. Department One. March 3, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. DARREL PAUL GIRAUD, *Appellant.*\*

\*Reported in 412 P.2d 104.

 

 

*Howe, Davis, Riese & Jones* and *Ralph L. Hawkins, Jr.,*
for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Timothy H. Hill,* for respondent.

HALE, J.—Pursuant to his plea of guilty, defendant Darrell Paul Giraud was sentenced April 4, 1964, by the Superior Court for King County to 15 years' imprisonment for the crime of grand larceny. The sentence was suspended on condition that the appellant be under the charge of a parole officer and observe the rules and regulations promulgated by the Board of Prison Terms and Paroles. An additional condition of suspension, written into the judgment and sentence in the handwriting of the sentencing judge, stated "that defendant surrender to the federal authorities on the charges that they are presently asserting against him." In accordance with this provision, he was turned over to federal authorities for confinement in the United States penitentiary on McNeil Island.

In perfecting his appeal from the federal conviction, appellant obtained his release from custody, whereupon the King County Prosecuting Attorney filed a motion to revoke the suspension of sentence. The superior court, after a hearing on the motion, revoked the suspension and ordered defendant confined at the Washington State penitentiary in accordance with the judgment and sentence of April 4, 1964. Defendant now seeks a review and reversal of the order revoking the suspension of sentence.

A more detailed recital of the facts we take verbatim from the certified statement of facts as follows:

Petitioner appealed his conviction of a federal crime to the Ninth Circuit. Pending his appeal he sought and was denied release on his personal recognizance bond. The court's refusal to release him on personal recogniz-

ance was taken by Writ of Certiorari to the United States Supreme Court. The United States Supreme Court ordered that Petitioner be released on his personal recognizance bond pending his appeal to the Ninth Circuit. The order was conditioned upon the Petitioner's reporting to a federal marshal each day.

On February 8, 1965, Petitioner was confined in the King County Jail under color of a Parole Revocation from a 1960 conviction. On March 12, 1965, a Writ of Habeas Corpus was issued testing the authority of the Board of Prison Terms and Paroles to hold the Petitioner under the parole revocation. The matter was heard by the Honorable Walter McGovern, Judge of the Superior Court for King County, and the Petitioner was represented by E. Paul Schumann. It was decided that legal cause existed for holding the Petitioner. On March 29, 1965, Petitioner, who again was represented by E. Paul Schumann, was brought before the Honorable Story Birdseye and an order revoking his suspended sentence on the conviction of grand larceny was entered.

Appellant urges that, when he was turned over to the federal authorities and confined at McNeil Island, he complied fully with the conditions imposed by the judge in suspending his sentence. He contends that the judge was without power to revoke the suspension merely because appellant had obtained his liberty pending appeal from the federal conviction.

We have no other question before us and this opinion answers only the question of the court's powers to revoke the suspension in this case.

RCW 9.92.060, augmented by RCW 9.95.200 and 9-.95.220, provided the statutory authority to suspend the sentence and later to revoke it. The granting of a suspended sentence rests within the discretion of the trial court (*State v. Williams*, 51 Wn.2d 182, 316 P. 2d 913 (1957)), and the same rule governs the revocation thereof. A defendant whose guilt has been established has no right to a suspension of the execution of his sentence and to probation; these come to him as an act of grace or a kind of leniency granted by the court in the exercise of its discretion. *State ex rel.*

*Schock v. Barnett,* 42 Wn.2d 929, 259 P.2d 404 (1953); 24 C.J.S. *Criminal Law* § 1618(5).

We think appellant's contentions are without merit. Although the trial court at conclusion of the revocation hearing ordered the revocation solely because the appellant had obtained his liberty pending his federal appeal, it made an affirmative finding that defendant "did violate the terms and conditions of his probation."

At the revocation hearing, the court made it clear that suspension had been granted solely on the assumption that appellant would be and remain in custody under a federal commitment; that the order of suspension contemplated such confinement; and that suspension had been granted in expectation of appellant's immediate incarceration under a federal commitment.

The entire record makes it clear that the sentencing judge, in the exercise of his discretion to suspend the sentence, did not believe that appellant could or would make a successful probation while at liberty and until he had fully complied with the federal judgment of confinement. Appellant's being at liberty constituted a violation of the term imposed as conditions upon which the suspension would remain in effect and as such vested in the sentencing judge discretionary powers to revoke the suspension, terminate the probation, and order the sentence executed.

Affirmed.

ROSELLINI, C. J., OTT and HUNTER, JJ., and LANGENBACH, J. Pro Tem., concur.