[No. 39117.    Department One.    February 15, 1968.]

B. D. HALL, *Appellant*, v. AMERICAN NATIONAL PLASTICS, INC., *et al., Respondents.**

*Garvin & Reno*, by *Wilmot W. Garvin* and *B. F. Reno, Jr.*, for appellant.

*Woodworth & Shelledy*, by *Patrick H. Shelledy*, for respondent.

PER CURIAM.—This is an appeal from an order vacating a judgment entered upon a default. Plaintiff claims damages for defendants' alleged breach of contract in failing properly to design, fabricate and manufacture a merchantable, serviceable product capable of being used for the purpose for which it had been ordered. A 20-day summons and the complaint were served on the defendants January 28, 1966. February 21, 1966, more than 20 days after service of the summons, the plaintiff presented and the court entered against the defendants an order of default.

March 21, 1966, after hearing evidence as to damages, the court entered a judgment against the defendants for plaintiff in the sum of $26,723.06, reciting in the judgment that a default had been entered against defendants. Two days later, defendants, on March 23, 1966, filed their motion for a

*Reported in 437 P.2d 693.

vacation of the default judgment, supporting it with an affidavit of merits setting forth a detailed account of facts upon which defendants asserted a defense. After argument and a consideration of the record, the trial court, by written order, on April 20, 1966, vacated the default judgment of March 21, 1966, and granted defendants leave to file their answer. Plaintiff now appeals this order of April 20, 1966, which vacated the judgment and allowed an answer to be filed.

We think the order vacating the judgment should be sustained, but not necessarily for the reasons argued by respondents. Neither party addressed its contentions to the question of whether an order vacating a judgment is appealable, and in our opinion such an order being interlocutory is not appealable.

Defendants brought their motion to vacate and set aside the judgment under RPPP 60.04W, RCW vol. 0, since superseded by CR 60(e). That rule should be and we think was read by the court in pari materia with RCW 4.32.240, which provides for vacation of judgments:

> The court may, in furtherance of justice, . . . relieve a party, or his legal representatives, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

RCW 4.72.010 likewise authorizes vacation of judgments for reasons not here pertinent.

■ This court has consistently followed the rule that an order vacating a judgment, being interlocutory in nature, is not an appealable order. In *Mattson v. Kline*, 47 Wn.2d 538, 540, 288 P.2d 483 (1955), in declining to review such an order on certiorari, we said:

> At the outset, we are faced with the question of whether certiorari will lie in this instance. This court has, in a number of early cases, been asked to review by certiorari an order vacating a default judgment. We have repeatedly held that such an order is an interlocutory order, that it is reviewable on an appeal from the judgment ultimately entered in the case, and that consequently, in the absence of a showing that the remedy by

appeal is inadequate, certiorari will not lie to review it. *State ex rel. Harris v. Superior Court,* 34 Wash. 248, 75 Pac. 809 (1904); *Jones v. Paul,* 56 Wash. 355, 105 Pac. 625 (1909); *Wilson v. McGillivray,* 58 Wash. 291, 108 Pac. 620 (1910).

Accordingly, the order of vacation will be upheld.

■ It may be urged that we have disposed of the appeal on points and issues not raised by either party and that this has deprived appellant of his rights on appeal. But courts of review are not obliged to decide all issues raised by the parties, but only those which are determinative. Courts frequently decide crucial issues which the parties themselves fail to present. *United Brotherhood of Carpenters & Joiners of America v. United States,* 330 U.S. 395, 91 L. Ed. 973, 67 Sup. Ct. 775 (1947); *Silber v. United States,* 370 U.S. 717, 8 L. Ed. 2d 798, 82 Sup. Ct. 1287 (1962); *Boynton v. Virginia,* 364 U.S. 454, 5 L. Ed. 2d 206, 81 Sup. Ct. 182 (1960).

Neither party having raised the issue upon which we uphold the order, each will bear his respective costs on appeal.

The appeal will be dismissed.