[No. 47003.   En Banc.   December 4, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. RALPH
HAPPY, *Petitioner.*

*C. Orno Shoemaker (Eli Rapaich, Gary E. Lofland,* and
*Rapaich & Knutson,* of counsel), for petitioner.

*John M. Lyden, Prosecuting Attorney,* for respondent.

This opinion was prepared by the late Justice Charles T.
Wright. It is adopted by the undersigned Justices as the
opinion of this court.

This appeal relates to the question of the petitioner's right of allocution under CrR 7.1(a)(1).[1] We hold its provisions are mandatory and that the trial court must in every instance afford the defendant the opportunity to speak immediately prior to the imposition of sentence.

The facts of this case are fully set forth in *State v. Happy,* 25 Wn. App. 524, 607 P.2d 1255 (1980), and need not be repeated here. At issue is whether the court afforded petitioner his right of allocution. A few days before sentencing, a presentence hearing was held at which considerable evidence was presented. At the time of imposing sentence the following took place:

[THE COURT]: Do you have any legal cause why sentence should not be imposed on you at this time?

THE DEFENDANT: Your Honor—.

THE COURT: The question is if there is legal cause, you may ask your attorney about that.

    (Brief conference between defendant and his counsel.)

A. (By defendant) No.

THE COURT: [Defense counsel], do you know any cause why sentence should not be imposed at this time?

[DEFENSE COUNSEL]: No, Your Honor.

The State contends the questioning of petitioner as to legal cause coupled with petitioner's testimony at his presentence hearing satisfied the court's duty to provide petitioner with his right of allocution. We disagree.

■ Under RCW 10.64.040, which has been superseded by CrR 7.1(a)(1), the court was required to ask whether the defendant had "any *legal cause* to show why judgment should not be pronounced against him." (Italics ours.)

---

[1]"*Imposition of sentence.* Sentence shall be imposed or an order deferring sentence shall be entered without unreasonable delay. Pending such action the court may release or commit the defendant, pursuant to CrR 3.2. Before disposition the court shall afford counsel an opportunity to speak and shall ask the defendant if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment." CrR 7.1(a)(1).

RCW 10.64.040.[2] Now, however, under CrR 7.1(a)(1), the court is required to "ask the defendant if he wishes to make a statement in his own behalf and to present *any information* in mitigation of punishment." (Italics ours.) CrR 7.1(a)(1). Clearly then, CrR 7.1(a)(1) is much broader than the former statutory provision in that it directs the court to give a defendant the opportunity to give any information in mitigation of punishment, rather than just limiting a defendant to a statement as to legal cause.

Moreover, this invitation to speak must be clear. In applying a federal rule of criminal procedure almost identical to our own, the United States Supreme Court wrote in *Green v. United States,* 365 U.S. 301, 305, 5 L. Ed. 2d 670, 81 S. Ct. 653, *rehearing denied,* 365 U.S. 890, 6 L. Ed. 2d 201, 81 S. Ct. 1024 (1961):

> Trial judges before sentencing should, as a matter of good judicial administration, *unambiguously* address themselves to the defendant. Hereafter trial judges *should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.*

(Italics ours.)

The Washington rule is not complied with if petitioner is allowed to testify at the presentence hearing or is allowed to speak prior to sentencing only as to legal cause why sentence should not be imposed. Nor is the rule satisfied by permitting counsel to speak. It is only when petitioner is directly asked, at the time of sentencing, whether "he wishes to make a statement in his own behalf and to present any information in mitigation of punishment" that the requirements of CrR 7.1(a)(1) are satisfied. As the United States Supreme Court said in *Green* at page 304:

> None of these modern innovations lessens the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation. The most

---

[2] "When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he have any legal cause to show why judgment should not be pronounced against him." RCW 10.64.040.

794

persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.

*See also State v. Harris*, 57 Wn.2d 383, 389, 357 P.2d 719 (1960).

In sum, CrR 7.1(a)(1) must be strictly followed. In this case the court failed to comply with the rule and therefore, petitioner has been denied his right of allocution. Since resentencing will not impose any substantial hardship, the sentence is hereby vacated and the matter is remanded for resentencing in accordance herewith.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ.