[No. 48231–4.   En Banc.   September 23, 1982.]

THE STATE OF WASHINGTON, *Petitioner,* v. DANIEL
B. PETERSON, *Respondent.*

*Norman G. Sauer, Prosecuting Attorney,* for petitioner.

*Lewis B. Arnold,* for respondent.

PEARSON, J.—We granted review of a majority opinion of Division Three of the Court of Appeals in which defendant Daniel B. Peterson's sentence on a plea of guilty to third degree assault was set aside, and the case remanded for resentencing before a different judge. The asserted irregularity in the sentencing procedure was that the trial court refused defendant's request to permit the prosecutor to explain to the court why he was recommending that defendant serve no jail time for the assault.

The facts underlying this case are sketchy, and the presentence report indicates the versions of the fray are inconsistent. However, these facts are clear. State Patrol Trooper McMillan attempted to break up a brawl at a tavern. When he attempted to place defendant under arrest, the trooper and defendant wrestled each other to the floor. The trooper arrested defendant and two others, with some backup assistance. Defendant was charged with third degree assault, RCW 9A.36.030, a felony. The other two were charged with simple assault, a misdemeanor. Defendant pleaded not guilty, but prior to trial decided to plead guilty upon a plea bargain. The bargain required the prosecutor to recommend that defendant serve no jail time, with the conditions of probation or fine to be determined by the court.

Our review of the record, as accurately reported in the Court of Appeals majority opinion, establishes that the plea was entered voluntarily and with full knowledge of the consequences. The court accepted the plea and ordered a presentence investigation. Thereafter, there were two sentencing hearings. At the first, on July 1, 1979, the presentence report was available. It recommended probation on condition defendant serve 6 months in the county jail. At this hearing, defense counsel requested the court to allow the prosecutor to explain his recommendation of no jail time. The court denied this request, but agreed to continue the hearing until Trooper McMillan would be available to make his recommendation.

On August 13, 1979, the trooper testified briefly. He gave

no details of the altercation, but recommended that defendant be given a 60–day jail sentence. During this hearing, defense counsel again requested the court to allow the prosecuting attorney to explain his recommendation. He stated to the court there were some "substantial justifications" behind the plea arrangement. The court refused and proceeded to grant probation for 3 years on condition defendant serve 60 days in jail and pay a fine of $250 and $32.50 court costs. The payments were to be made within 6 months of defendant's release from jail.

Defendant's later motion to withdraw the plea or have the plea bargain specifically enforced was denied, and this appeal ensued. We accepted review of the Court of Appeals decision, which set aside the plea and remanded the case for sentencing before a different judge. We affirm the Court of Appeals.

We agree with the conclusion of the majority of the Court of Appeals that nothing in the record supports defendant's contention that the prosecutor breached the plea bargain agreement. The issue of prosecutorial misconduct, to which the greater part of the briefs is devoted, is not persuasive. In this regard, defendant urges the prosecutor's lack of zeal in explaining his recommendation as a breach of the agreement. We disagree.

We recognize that the consideration which induces a defendant to plead guilty is not the prospect of a formal recitation by the prosecutor of the sentencing recommendation, but the prospect that the recommendation will be made with some degree of advocacy. *United States v. Brown,* 500 F.2d 375 (4th Cir. 1974). Nevertheless, to the extent the prosecutor's statement in this case fell below this standard of reasonableness, we do not think such fault lay with the prosecutor. At neither of the two sentencing hearings did the trial court evidence any interest in learning why the prosecuting attorney, who initiated the felony complaint, was recommending that no jail time should be imposed upon defendant. Nor was the court interested in having the prosecutor explain why two of the other partici-

pants in the tavern brawl were charged with simple assault, while defendant was charged with felony assault. Under the circumstances, we agree with the Court of Appeals conclusion that there was no intentional breach of the plea bargain agreement by the prosecutor.

The Court of Appeals majority recognized the real issue to be whether the court's ruling, which prevented the prosecutor from explaining the reasons underlying the plea bargain where defendant requested such explanation, was error warranting appellate relief. Two reasons for allowing relief were cited in the majority opinion:

> First, the failure to grant a defendant's request for an explanation of the reasons underlying a bargained–for sentencing recommendation will tarnish the integrity and fairness of the widely accepted plea bargain system. . . .
> Second, we perceive in *State v. Happy,* 25 Wn. App. 524, 607 P.2d 1255, *rev'd,* 94 Wn.2d 791, 620 P.2d 97 (1980), a concern that, where liberty is involved, the sentencing court not close its ear to what the parties might say prior to pronouncing sentence, even though the statement might not change the contemplated sentence. While *Happy* may be distinguishable because it involved a court rule, its essence is reinforced by other recent decisions. *See State v. Bird,* 95 Wn.2d 83, 622 P.2d 1262 (1980); *Brooks v. Rhay,* 92 Wn.2d 876, 602 P.2d 356 (1979).

(Footnote omitted.) *State v. Peterson,* 29 Wn. App. 655, 660–61, 630 P.2d 480 (1981). We agree these are appropriate reasons for granting the relief in question, but we deem it desirable to clarify the precise nature of defendant's right which was violated by the trial court's ruling.

■ A defendant's right of allocution at sentencing was addressed by this court in a unanimous opinion in *State v. Happy,* 94 Wn.2d 791, 620 P.2d 97 (1980). Such right is guaranteed by CrR 7.1(a)(1), which provides, in part:

> Before disposition the court shall afford counsel an opportunity to speak and shall ask the defendant if he wishes to make a statement in his own behalf *and to present any information in mitigation of punishment.*

(Italics ours.) This rule "is much broader than the former

statutory provision[1] in that it directs the court to give a defendant the opportunity to give any information in mitigation of punishment . . ." 94 Wn.2d at 793. The rule "must be strictly followed." 94 Wn.2d at 794.

Not only did the trial court here neglect to make the required inquiry of the defendant, the court specifically denied defendant's request to submit, by way of an explanation from the prosecutor, information which defendant thought would mitigate his punishment. This we believe clearly violated defendant's right of allocution, and warrants vacation of the sentence and resentencing before another judge.

The right of allocution, as granted by CrR 7.1(a)(1), is not limited to oral statements of the defendant, but includes "any information" in mitigation of punishment. The purpose of the rule is to allow defendant's position on sentencing to be considered by the trial court before the pronouncement of the sentencing. The rule is not satisfied merely by permitting defense counsel to speak. 94 Wn.2d at 793.

In some cases, the strongest evidence in mitigation of punishment cannot be adequately stated by the defendant without an explanation by the prosecutor of his reasons for recommending leniency. This case presents a compelling case for such an explanation. The trial court had only sketchy information concerning the tavern brawl, and did not seem interested in learning the strengths or weaknesses of the State's case against defendant. Defense counsel was contending that defendant was "overcharged" in comparison with the other participants of the brawl. He also contended that the evidence against defendant was equivocal and not persuasive for felony assaults. If these factors, in fact, influenced the prosecutor's recommendation of no jail time, they constituted "information in mitigation of pun-

---

[1]RCW 10.64.040, which was superseded by CrR 7.1(a)(1), required the court to ask whether the defendant had "any legal cause to show why judgment should not be pronounced against him."

ishment" which, under the rule, defendant was entitled to bring before the court for its consideration. Refusal to allow the request violated CrR 7.1(a)(1), and thus constituted an abuse of discretion.

Of course, a defendant who makes such a request runs a calculated risk that the prosecutor's statements will not be favorable. Provided that the prosecutor reasonably explains his recommendation for leniency, the defendant will be deemed to have waived his right to assert that the prosecutor has breached his plea agreement. *See Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *United States v. Brown, supra.* This caveat should dispel any concerns that our holding might undermine the validity of a plea bargain to the detriment of the State.

Finally, we address one concern expressed in the Court of Appeals dissenting opinion of Munson, J., that defendant did not raise on appeal the precise theory on which the majority based its decision and the trial court "should not be reversed on a theory not raised." *State v. Peterson,* 29 Wn. App. at 663.

It is true, defendant was asserting prosecutorial misconduct as his primary theory for reversal of the trial court. Nevertheless, the real basis of the defendant's argument deals with the refusal of the trial court to allow the prosecutor to explain the reasons for his recommendation. The trial court was adequately apprised of defendant's position. We decline to place form over substance under these circumstances. *Hall v. American Nat'l Plastics, Inc.,* 73 Wn.2d 203, 437 P.2d 693 (1968).

The decision of the Court of Appeals is affirmed.

ROSELLINI, UTTER, WILLIAMS, and DORE, JJ., concur.

DIMMICK, J. (dissenting)—The majority in its fervor to protect the defendant's right of allocution goes beyond the purpose of such right. The majority requires prosecutors to actually advocate a sentencing recommendation which was agreed to in a plea bargain and sets aside a sentence

because the trial judge failed to listen to that argument. I cannot agree.

The facts of the affray are not as inconsistent as the majority asserts. The judge, sua sponte, requested a presentence report wherein the facts of the assault were set out in great detail, both from the point of view of the defendant and the trooper. Defendant's work record and family situation, his prior record for driving while intoxicated and driving while license suspended, as well as his arrest on a charge of obstruction were discussed. The judge expressed his view at each hearing that he took a "dim view of assaults on police officers". Contrary to the majority's assertion that the defendant's friends were charged with simple assault (majority opinion, at 865), the trooper testified that they were in fact charged with obstruction. Nor does the majority record that defendant in his own handwritten statement on the plea form admitted: "I was involved in an altercation with Officer McMillan and we wrestled to the ground subsequent to the officer attempting to place me under arrest." The judge continued the hearing at the request of defense counsel in order to have Officer McMillan present in court. The officer made a recommendation of 60 days in jail. He was subject to cross examination by defense counsel with no limits being placed on the inquiry. If the defense counsel had wished to go into greater detail of the assault, he certainly had the opportunity.

The prosecutor in the instant case recommended throughout the proceedings that defendant serve no jail time. The judge, upon the request of defendant's counsel that the prosecutor speak in favor of the recommendation, stated:

> [The prosecutor] has made his commitment. He has not reneged on the plea bargaining. He made the same recommendation on the last hearing . . . I'm not particularly concerned what [the prosecutor's] feelings are. He's committed himself and he's bound by it. . . . and I'm not going to have you invite [the prosecutor] to change

his mind because I'm going to hold him to this contract and as far as this Court is concerned [the prosecutor's] recommendation at this time is probation with no jail time.

Subsequently, the judge asked the prosecutor whether no jail time was still his recommendation and the prosecutor replied "That's affirmative, your Honor." The judge emphasized throughout the proceedings that the court was not bound by the plea bargain and would make an independent decision. It is well established that determination of a defendant's sentence is *solely* within the trial court's discretion. *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968). A trial court may consider whatever information it considers necessary in imposing a sentence. *See, e.g., State v. Buntain,* 11 Wn. App. 101, 106, 521 P.2d 752 (1974).

At oral argument before this court, the prosecutor was asked what he would have answered, if allowed to speak in favor of his recommendation. He replied: "I probably would have reminded the judge that we didn't have a jail." Ferry County prisoners were therefore sent to either Okanogan, Stevens or Spokane jail while Ferry County paid their board bills. The question now becomes, under the majority's holding, Is this a reasonable explanation? Obviously, the judge was well aware of this fact since he allowed the defendant to serve his time on work release and told him to work it out with Stevens County as there was a waiting list in the Okanogan County Jail. It may be, in some instances, that an explanation of a prosecutor's reasons for entering into a plea agreement is relevant. A trial court, however, should not be compelled to consider the explanation in exercising its discretion. The majority apparently confuses their modus habilis with a legal requirement.

The majority adopts the reasoning of a divided court in *United States v. Brown,* 500 F.2d 375 (4th Cir. 1974), requiring a prosecutor to strongly advocate a sentencing recommendation agreed upon in a plea bargain. *Brown* has been read to require that a prosecutor be a persuasive advocate. *United States v. Grandinetti,* 564 F.2d 723, 727

(5th Cir. 1977). The majority adopts these principles as they are important to its reasoning although it recognizes that the prosecutor did not breach the agreement. The prosecutor made the sentencing recommendation and he acknowledged it. He made no equivocal comments. I would not require, in addition, that a prosecutor strongly and persuasively advocate the recommendation. I agree with the Court of Appeals dissent, Munson, J., that, "Presumably the defendant has able counsel to do that [advocate] on his behalf; it is unnecessary for the State to supply additional advocacy by its own representative." *State v. Peterson,* 29 Wn. App. 655, 662, 630 P.2d 480 (1981).

The majority compels the judge to listen to the prosecutor's explanations upon defendant's request. It thus invites an unintentional breach (verbal or nonverbal) of its newly adopted requirement of advocacy. The judge here expressly endeavored to prevent such breach. The majority attempts to minimize the effect of its holding by stating: "Provided that the prosecutor reasonably explains his recommendation for leniency, the defendant will be deemed to have waived his right to assert that the prosecutor has breached his plea agreement." Majority opinion, at 869. It then cites *Brown* and *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), neither of which supports its statement. *Santobello* merely requires that a prosecutor fulfill the promise made. *Brown,* as noted above, requires *advocacy,* not a "reasonable explanation." Taking this distinction to its logical end, a prosecutor may in fact give a reasonable explanation which is unpersuasive or does not strongly advocate the recommendation. If so, the prosecutor has breached the agreement under *Brown* and *Grandinetti.* The majority's "caveat" is incongruous.

The majority rests its decision on the cavalier statement that the trial court's refusal to allow the prosecuting attorney to speak "constituted an abuse of discretion". Majority opinion, at 869. This issue was never alleged, briefed or argued. In view of the maxim "the law does not require a useless act," it seems to me that since the trial court

repeatedly expressed its own distaste for police officer assaulters and took into consideration the recommendations of the presentence report as well as that of the victim officer, refusal to allow the prosecutor to explain his recommendation can hardly be such an abuse of discretion as to require a new sentence. Consequently, I would hold that the trial court committed no error, and, therefore, the original sentence should be reinstated. Accordingly, I dissent.

BRACHTENBACH, C.J., and STAFFORD and DOLLIVER, JJ., concur with DIMMICK, J.