[No. 4151–4–III. Division Three. June 23, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILIP S. MAKINSON, SR., *Appellant*.

*Gerald L. Mikesell* and *Wilson & Mikesell*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *David Waterbury, Deputy*, for respondent.

GREEN, J.—Defendant pleaded guilty to welfare fraud. He was given a deferred sentence and placed on probation for 5 years on condition he serve 10 days in the county jail.

He appeals.

First, he assigns error to the denial of a motion to withdraw his plea of guilty. This motion was made shortly after entry of the plea based upon a claim (1) of physical and mental stress and strain rendering his plea involuntary, and (2) newly discovered evidence. Following an evidentiary hearing, the court entered findings of fact and conclusions of law and denied the motion. The findings are amply supported in the record and support the conclusions of law. There was no error.

Second, defendant assigns error to the denial of a second motion to withdraw his plea premised on the prosecuting attorney's failure to follow the terms of a plea bargain. In consideration for defendant's plea, the prosecuting attorney agreed to recommend 10 days in the county jail and probation. Instead, at the time of sentencing, the prosecutor recommended 180 days, reviewable in 90 days. The trial judge declined to follow this recommendation, which was similar to the recommendation contained in the presentence report, and stated: "I am going to adhere to the recommendation made by the State set forth in the Statement of Defendant on Plea of Guilty and . . . require that you be confined . . . for a period of ten days . . ." We find no error.

Defendant received the benefit of his bargain—a deferred sentence, probation and 10 days. Realistically, this was defendant's expectation and hope. It was realized. There was no prejudice. In these circumstances, the procedure outlined in *In re James*, 96 Wn.2d 847, 640 P.2d 18 (1982) serves no useful purpose.

The contention urged by defendant that he was denied effective assistance of counsel is not supported by the record and is, therefore, rejected.

Affirmed.

ROE, C.J., concurs.

McINTURFF, J. (dissenting)—Philip Makinson agreed to

plead guilty to welfare fraud in exchange for the prosecu-tor's promise to recommend he be sentenced to 10 days in the county jail and probation. Mr. Makinson fulfilled his agreement. The prosecutor did not. Accordingly, I dissent.

Due process requires that a prosecutor adhere to the terms of a plea bargain agreement. *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *In re Palodichuk,* 22 Wn. App. 107, 109, 589 P.2d 269 (1978). A defendant who engages in a plea bargain waives his consti-tutional right to a jury trial, to confront his accusers, to present witnesses in his defense, to remain silent and to be convicted by proof beyond a reasonable doubt. *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *In re James,* 96 Wn.2d 847, 849, 640 P.2d 18 (1982). When a prosecutor breaches a plea bargain, he undercuts the basis of the defendant's waiver of constitutional rights implicit in the plea. *State v. Tourtellotte,* 88 Wn.2d 579, 584, 564 P.2d 799 (1977). Thus, a prosecutor's breach of a plea agreement presents an issue of constitutional magni-tude. *In re James, supra* at 849.

When Mr. Makinson entered into the plea bargain with the prosecutor, he obtained a right analogous to a contract right. *In re Palodichuk, supra* at 110. The prosecutor attempted to justify the change in his recommendation from 10 days to 180 days because Mr. Makinson repeatedly attempted to withdraw his plea, and the perceived lack of candor by Mr. Makinson. Merely accusing the defendant of misconduct does not relieve the State of its bargained–for duty. If the State desires to rely on such misconduct, it must be established in a due process hearing. *In re James, supra* at 850.

The appropriate remedy in the present situation is to allow Mr. Makinson to withdraw his plea or to grant him specific performance of the agreement. *Santobello v. New York,* 404 U.S. at 263; *In re James, supra* at 849–50. This right exists even though the sentencing judge is not bound by the prosecutor's sentencing recommendation. *In re James, supra* at 850; *In re Hughes,* 19 Wn. App. 155, 575

P.2d 250 (1978).

The majority claims Mr. Makinson received the benefit of his bargain and suffered no prejudice. I do not agree. If the prosecutor had unequivocally recommended 10 days in jail and probation, it cannot be said with certainty that the judge would not have given a lesser sentence. In the present case, I recognize the difference between 10 days in jail and no time in jail appears minimal. However, if the bargained–for recommendation had been for 6 months or 1 year in jail, it can be seen how the trial court, in its discretion, could listen to the recommendation and possibly impose a lesser sentence.

The prosecutor's conduct is also contrary to the rule announced in *State v. Peterson*, 97 Wn.2d 864, 651 P.2d 211 (1982), which requires a prosecutor to engage in some degree of advocacy for his recommended sentence.

> We recognize that the consideration which induces a defendant to plead guilty is not the prospect of a formal recitation by the prosecutor of the sentencing recommendation, but the prospect that the recommendation will be made with some degree of advocacy.

*Peterson,* at 866.

Here, the prosecutor not only failed to make his recommendation with some degree of advocacy, he didn't make the bargained–for recommendation at all.

The line has been drawn by our Supreme Court. Each party to the bargain must comply with the bargain, no more, no less. When the prosecutor does not keep his bargain, it is beneath the dignity of the State to insist the defendant keep his bargain by pleading guilty.

The judgment of the Superior Court should be reversed and the matter remanded to allow Mr. Makinson the choice of withdrawing his guilty plea or pleading guilty with a proper recommendation by a different prosecutor.