[No. 5520-5-III. Division Three.   April 10, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL B. PETERSON, *Appellant*.

310

*Lewis B. Arnold* and *Arnold & Perkins,* for appellant.

*Allen C. Nielson, Prosecuting Attorney,* for respondent.

GREEN, A.C.J.—Daniel B. Peterson, who pleaded guilty to third degree assault, appeals contending the prosecuting attorney failed to recommend a plea bargain with any degree of advocacy and, therefore, his plea should be set aside. We decline to do so and affirm.

In October 1978 Mr. Peterson was charged with third degree assault. In February 1979 he entered into a plea bargain agreement. In July he appeared for sentencing and his attorney requested the court to ask the prosecutor to discuss his recommendation. The matter was continued to August 13 to allow a presentence investigation. At the sentencing hearing, defense counsel again requested the prosecutor be permitted to discuss his recommendation. The court declined to do so and sentenced Mr. Peterson to 60 days in jail with 3 years' probation and a fine. Thereafter, Mr. Peterson moved to withdraw his plea. This motion was denied and he appealed. This court reversed and remanded for resentencing holding the trial court was required to

allow the prosecutor to speak at the request of the defendant. *State v. Peterson,* 29 Wn. App. 655, 630 P.2d 480 (1981). Our decision was affirmed on appeal. *State v. Peterson,* 97 Wn.2d 864, 651 P.2d 211 (1982).

On remand the prosecutor recited the terms of the plea bargain. He declined to explain the reasons for the recommendation unless Mr. Peterson requested that he do so, observing:

> I say this advisedly because the Supreme Court specifically said that the defendant takes his own chance about listening to the recommendations. He may be in jeopardy for them, so unless he requests them I don't think the prosecution should give them.

Defense counsel then made such request stating:

> I am on record today requesting that the prosecutor explain to the court the basis for the sentencing recommendation made pursuant to the plea bargain, which is a quote out of the headnote of *State v. Peterson.*

The court, thereafter, read to Mr. Peterson and his counsel that portion of *Peterson,* 97 Wn.2d at 869, which states:

> Of course, a defendant who makes such a request runs a calculated risk that the prosecutor's statements will not be favorable. Provided that the prosecutor reasonably explains his recommendation for leniency, the defendant will be deemed to have waived his right to assert that the prosecutor has breached his plea agreement. *See Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *United States v. Brown,* [500 F.2d 375 (4th Cir. 1974)]. This caveat should dispel any concerns that our holding might undermine the validity of a plea bargain to the detriment of the State.

After doing so, the court stated: "[I]f you still wish him to proceed, counsel, I will demand that he do so." Defense counsel stated, "I do."

The prosecuting attorney gave the following explanation:

> Your Honor, there have been several issues involved here and raised both in argument here before the court and to the Appellate Court, that there are other people involved that were not also charged with Third Degree Assault. There is only one bit of testimony on the record

under oath, and that indicates that those others were charged with Obstruction. In considering this recommendation I considered the fact that there were other people involved, however, the defendant was the star of this particular show and he is the one—he is the one that I felt should have the Oscar. Consequently he was the one charged with Third Degree Assault. Also there is rampant through the record that my recommendations were lenient. That was not my intention. My intention was that, and I think, I just read, that I would make no recommendation with respect to any fine. Now, my recommendation may have been lenient provided Mr. Peterson was economically affluent. That is not the case and I feel that a fine is and could be adequate punishment. The maximum for this particular offense is five years and five thousand dollars. I recommended no jail time also for the practical reason that we did not have a jail and I felt that since a fine could be imposed large enough commensurate with the act and offense. So these were the reasons on which I based my recommendations of no jail time and leaving the court open as to the imposition of any fine. Thank you.

Mr. Peterson was then sentenced to 60 days in jail with 5 years' probation. A motion to withdraw his guilty plea was denied. He again appeals.

Mr. Peterson contends the prosecutor breached the plea bargain agreement because he failed to make his recommendation with any degree of advocacy. We disagree.

■ Here, the prosecutor kept his plea bargain and recommended it to two different judges. He carefully avoided explaining the recommendation because he feared the explanation might not favorably impress the court. In exercising this restraint, the prosecutor was, in effect, advocating for the plea bargain. It was Mr. Peterson who persisted in wanting the prosecutor to explain his recommendation. The explanation turned out to be not as favorable as he expected; we note, however, the explanation advocates a fine rather than jail because of Mr. Peterson's economic circumstances. Nevertheless, he now claims the recommendation was not made with advocacy. This claim must be rejected. If Mr. Peterson's contention were to prevail, a

prosecutor would be placed in an impossible position. For example, supposing a prosecutor's docket is overloaded and in order to meet the time constraints of the speedy trial rule, he agrees to a plea bargain recommending probation or perhaps reducing the charge. How should the prosecutor advocate for this bargain? If the basis for the bargain is explained, it becomes clear but for a crowded calendar there would be no bargain. In these circumstances, a mere statement of the recommendation is the best advocacy a prosecutor can make for the bargain. Surely a defendant cannot expect a prosecutor to hide or distort the true reason for the bargain!

Mr. Peterson was carefully warned by the prosecuting attorney and the court that he took a "calculated risk" the explanation of the prosecutor might not be as favorable as he desired. Having elected to take that risk, he cannot now complain.

Affirmed.

THOMPSON, J., concurs.

McINTURFF, J. (dissenting)—In *State v. Peterson*, 97 Wn.2d 864, 651 P.2d 211 (1982), our Supreme Court stated at page 866:

> We recognize that the consideration which induces a defendant to plead guilty is not the prospect of a formal recitation by the prosecutor of the sentencing recommendation, but the prospect that the recommendation will be made with some degree of advocacy. *United States v. Brown*, 500 F.2d 375 (4th Cir. 1974).

In the present case, the prosecuting attorney, when asked by the trial judge for his recommendation, stated:

> Yes, Your Honor, this came as a plea bargain and upon defendant's plea of guilty to a charge of third degree assault. I agreed to recommend three years probation, no jail time, and make no recommendation with respect to any fine.

In *United States v. Brown*, 500 F.2d 375 (4th Cir. 1974), relied on by the *Peterson* court, the expectation regarding

the prosecutor's sentencing recommendation was discussed:

> This could reasonably be expected to be the sound advice, expressed with some degree of advocacy, of a government officer familiar both with the defendant and with his record and cognizant of his public duty as a prosecutor . . .

*United States v. Brown, supra* at 377.

The specific question of what constitutes "some degree of advocacy" has yet to be answered by our courts. However, the resolution of that question is not necessary to decide this case. I am reminded of Justice Potter Stewart's personal perception of obscenity—"I know it when I see it".[1] Likewise, although I do not attempt to define what "some degree of advocacy" is, I know this is not it. Here, the prosecutor engaged in a formal recitation of the terms of the plea agreement. *There was no degree of advocacy.* For all practical purposes, the trial judge could have relied solely upon the statement of defendant on plea of guilty. *See* CrR 4.2(g). The prosecutor's "recommendation" added nothing to the hearing.

A defendant may plead guilty for many reasons. One may be to obtain the prosecutor's sentencing recommendation. Generally, to recommend is to counsel or advise.[2] To give a bare recitation of the terms of a plea bargain fails to qualify as a recommendation. If the Supreme Court's advocacy mandate in *Peterson* is to have any meaning, then prosecutors must pay more than "lip service" to the requirement.

The majority concludes Mr. Peterson waived his rights to assert a breach of the plea bargain by requesting the prosecutor to explain his recommendation. This holding confuses the recommendation requirement with the defendant's request for an explanation.

A defendant is entitled to have the prosecutor make his recommendation to the trial court with "some degree of

---

[1] *Jacobellis v. Ohio,* 378 U.S. 184, 197, 12 L. Ed. 2d 793, 84 S. Ct. 1676 (1964) (Stewart, J., concurring).

[2] Black's Law Dictionary (5th ed. 1979).

advocacy". *State v. Peterson, supra.* Advocacy is the act of pleading for, supporting, or recommending active espousal.[3] A defendant is also entitled, under his right of allocution, to request an explanation by the prosecutor of the reasons underlying his recommendation. *State v. Peterson, supra; State v. Happy,* 94 Wn.2d 791, 620 P.2d 97 (1980). Thus, after the prosecutor has made his recommendation with some degree of advocacy, a defendant may choose to open up "Pandora's Box" and request a prosecutorial explanation of his recommendation.

In the present case, the prosecutor failed to make any recommendation. He merely said he agreed to make a recommendation. I recognize that had the prosecutor complied with *Peterson,* there may have been no need for Mr. Peterson to request an explanation. The fact a defendant, in attempting to mitigate the sentence he is about to receive, chooses to request an explanation, does not change the fact that the prosecutor has already undercut his position with literally no recommendation.

The entire sentencing hearing was tainted at the time the prosecutor merely recited the terms of the plea bargain. Regretfully, this matter should be remanded, again, for a proper hearing.

---

[3]*Gitlow v. New York,* 268 U.S. 652, 69 L. Ed. 1138, 45 S. Ct. 625, 626 (1925).