[No. 6655-0-III.   Division Three.   May 29, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v.
JERRY DAVIS, *Appellant.*

*Steven Aycock,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* for respondent.

GREEN, C.J.—Jerry Davis appeals an order revoking his probation and imposing judgment and sentence. The issues presented are whether (1) the court abused its discretion in changing its decision not to revoke Mr. Davis' probation and sentencing him to the Department of Corrections, and (2) the prosecutor breached the plea agreement and thus Mr. Davis should be placed on probation. We affirm.

In May 1983 Mr. Davis was charged in Franklin County with second degree burglary. On June 28 he pleaded guilty and received a deferred sentence, conditioned upon serving 1 year in the county jail, which was suspended except for time served, and completing 3 years' probation that included regular reports to his probation officer. Upon his release from jail, Mr. Davis failed to report to his probation officer. In August a probation violation report was filed and thereafter the prosecutor moved to revoke Mr. Davis'

deferred sentence based on his failure to report.

In January 1984 Mr. Davis was convicted of attempted burglary in Spokane. On March 20 he was returned to Franklin County to answer the pending probation violation. At the revocation hearing on April 3, the parties informed the court they had reached a "plea agreement" whereby Mr. Davis would admit the violation and waive extradition to Oklahoma where he was wanted for probation violation for burglary, first degree kidnapping and first degree rape. In exchange the State would recommend his probation not be revoked. At the hearing two witnesses, a local police officer and Mr. Davis' probation officer, expressed views in opposition to the agreement. Their testimony revealed Mr. Davis also had been convicted of burglary in Clark County in 1981, and they recommended his probation be revoked and he be sentenced to prison. The following colloquy took place regarding the extradition to Oklahoma:

> MR. AYCOCK [Defendant's attorney]: . . . What it was was that at the time that he would waive extradition as soon as Oklahoma could get here and take him that's when he would be released.
> THE COURT: That's the way I understood it.
> MR. ADAIR [The prosecutor]: And he can be released whenever they come.
> THE COURT: Well, he is not going to leave here.
>
> . . .
> MR. AYCOCK: . . . Mr. Davis understands that he is not going to be released from the State of Washington's custody until Oklahoma gets here.

The court ruled Mr. Davis had "violated the terms of his probation, count one", but ordered his deferred sentence not be revoked and that Mr. Davis be "remanded to the custody of the sheriff for additional service in the county jail *until the further order of this Court.*" (Italics ours.)

All participants believed Oklahoma would extradite Mr. Davis, but no mention was made of what would happen if Oklahoma did not extradite or if Mr. Davis was not punished by the Oklahoma court for probation violations. The order entered following the probation revocation hearing on

April 3 did not mention the Oklahoma extradition or any of the other crimes committed by Mr. Davis; it merely indicated he had violated the conditions of his probation by failing to report to his probation officer.

On April 6, just 3 days later, the prosecutor again moved to revoke Mr. Davis' probation based on his conviction in Spokane County for attempted burglary. This motion was filed immediately after Oklahoma informed the prosecuting attorney it would not extradite. Mr. Davis objected to this second motion, but the court, after testimony and lengthy colloquy with counsel, dismissed it, revoked Mr. Davis' probation based on the earlier violation of failing to report to his probation officer, and sentenced him to prison. Mr. Davis appeals.

Mr. Davis contends the court erred in revoking his probation following the second hearing because of the prior order denying the motion to revoke on the same facts. We disagree.

■ Probation is a matter of grace, privilege or clemency granted to the deserving and withheld from the undeserving within the discretion of the trial judge. *State v. Kuhn,* 81 Wn.2d 648, 650, 503 P.2d 1061 (1972) (quoting *State v. Shannon,* 60 Wn.2d 883, 888, 376 P.2d 646 (1962)); *State v. Murray,* 28 Wn. App. 897, 900, 627 P.2d 115 (1981). The trial court has discretion to grant a deferred sentence and probation "upon such conditions and for such time as it shall designate . . ." RCW 9.95.210. It also has discretionary authority to modify or change the conditions of probation at any time during the course of probation. RCW 9.95.230; *State v. Kuhn, supra* at 650; *State v. Bennett,* 35 Wn. App. 298, 666 P.2d 390 (1983).

■ Here, it is clear from the record of the first hearing that an implied condition for continuing Mr. Davis' probation was that he be extradited to Oklahoma. In fact, the court made it clear that Mr. Davis would be held for the Oklahoma authorities and this was unequivocally understood by Mr. Davis and his counsel. "Where an implied condition of probation cannot be met because of subse-

quent events, and that condition was the essential assumption underlying the grant of probation, the court may revoke probation." *State v. Bennett, supra* at 301 (citing *State v. Giraud,* 68 Wn.2d 176, 179, 412 P.2d 104 (1966)).

In *Giraud,* Mr. Giraud was sentenced to 15 years' imprisonment for the crime of grand larceny. This sentenced was suspended on the condition he be under the charge of a parole officer, observe the rules and regulations promulgated by the Board of Prison Terms and Paroles and "'that defendant surrender to the federal authorities on the charges that they are presently asserting against him.'" *Giraud,* at 177. Mr. Giraud surrendered to the federal authorities, but obtained his liberty pending appeal of his federal convictions. The state trial court then revoked suspension of his sentence. On appeal the court indicated Mr. Giraud's sentence was suspended solely on the assumption he would be immediately incarcerated under the federal commitment. The court stated Mr. Giraud

> being at liberty constituted a violation of the term imposed as conditions upon which the suspension would remain in effect and as such vested in the sentencing judge discretionary powers to revoke the suspension, terminate the probation, and order the sentence executed.

*Giraud,* at 179. In like manner here, the trial court denied the State's first motion to revoke on the assumption Mr. Davis would be extradited by Oklahoma where he would face incarceration for violating his probation on more serious crimes. When this assumption failed, the court revoked his probation. We find no error.

Mr. Davis also contends the prosecutor breached the plea agreement in several ways, and for that reason the motion to revoke should be denied. We find no error. Preliminarily, although both parties have used the term "plea agreement" and "plea bargain", we find a probation violation only analogous to a guilty plea arraignment. A motion to revoke does not constitute a criminal charge, rather it only raises questions concerning a defendant's fulfillment of the conditions of a sentence upon a prior conviction. Nevertheless,

for purposes of answering Mr. Davis' contentions, we will treat the agreement as a plea agreement.

Mr. Davis contends the prosecutor violated the agreement by calling two witnesses who recommended he be sentenced to the Department of Corrections. However, Mr. Davis fails to recognize the judge may consider whatever information is necessary to make his decision to continue, revoke or modify the defendant's sentence. *In re Palodichuk,* 22 Wn. App. 107, 111, 589 P.2d 269 (1978). Here, the prosecutor acknowledged his agreement with Mr. Davis and recommended his probation not be revoked. The prosecutor advised the court Mr. Davis' probation officer wished to address the court because the officer believed the plea agreement was not in the best interests of the court. The trial judge then stated he wished to hear from the probation officer so the court would be fully apprised of the situation. The court also heard from a police officer who testified regarding the status of Mr. Davis' Oklahoma convictions. Notwithstanding this testimony and the recommendation to the contrary, the court accepted the prosecutor's recommendation that Mr. Davis' probation not be revoked. The trial judge had the right to be apprised of all of the facts and the prosecutor did not breach the agreement by informing the court of the two witnesses' concern and their wish to testify.

Mr. Davis also contends the prosecutor breached the agreement by recommending Mr. Davis spend 60 days in jail. We find no error. The court ordered Mr. Davis held in custody until Oklahoma authorities arrived or "until the further order of the Court." The court's continuance of probation did not preclude conditioning it on requirements permitted by law, including the requirement he spend time in the county jail until extradited to Oklahoma. *State v. Music,* 40 Wn. App. 423, 428, 698 P.2d 1087 (1985).

Finally, Mr. Davis contends the prosecutor violated the plea agreement by bringing the second motion to revoke. This argument is without merit since the court dismissed the motion.

■ In any event, there was no breach of the agreement: (1) there was no detrimental reliance on the agreement— Mr. Davis did nothing at the hearing and lost nothing by the actions of the prosecutor, *State v. Wheeler*, 95 Wn.2d 799, 803, 631 P.2d 376 (1981); and (2) Mr. Davis waived his right to assert the prosecutor breached the agreement because the prosecutor explained on the record his recommendation for leniency. *State v. Peterson*, 97 Wn.2d 864, 869, 651 P.2d 211 (1982); *State v. Peterson*, 37 Wn. App. 309, 680 P.2d 445 (1984).

Moreover, it is crystal clear that Mr. Davis failed to report to his probation officer and, instead, proceeded to commit an attempted burglary in Spokane for which he was convicted. Even if the prosecutor breached the plea agreement, Mr. Davis' remedy would be withdrawal of any entered plea or specific performance of the bargain. *In re James*, 96 Wn.2d 847, 849–50, 640 P.2d 18 (1982). Here Mr. Davis agreed he violated his probation by failing to report. However, he said nothing at the hearing and the testimony of his probation officer established the violation. As to specific performance of the bargain, the prosecutor recommended continuation of probation and the court accepted that recommendation. Mr. Davis received the benefit of his bargain. No new hearing is required.

Affirmed.

MUNSON and THOMPSON, JJ., concur.

Review denied by Supreme Court September 2, 1986.