# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56796-2-II |
| Respondent, | |
| v. | |
| JOSEPH M. BIELAS, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Joseph M. Bielas appeals his conviction for fourth degree assault following a guilty plea.  Bielas argues that the superior court erred by denying his motion to withdraw his guilty plea.  We affirm.

## FACTS

On March 5, 2021, the State charged Bielas with one count of first degree unlawful possession of a firearm and one count of second degree assault—domestic violence.  On March 23, Bielas pleaded guilty to an amended information, charging one count of fourth degree assault.

The State agreed to recommend a sentence of 20 days' work crew.  Bielas' statement on plea of guilty included the following statement:

> The judge does not have to follow anyone's recommendation as to sentence.  The judge can give me any sentence up to the maximum authorized by law no matter what the prosecuting authority or anyone else recommends.

Clerk's Papers (CP) at 12.  The superior court also engaged in the following colloquy regarding the plea recommendation:

THE COURT: And do you understand the consequences of your guilty plea?

[BIELAS]: Yes.

THE COURT: And you understand that I'm making a decision [at] some point based upon the recommendations of the prosecutor, Mr. Randall, and your attorney, Mr. Terry?

[BIELAS]: Sure.

THE COURT: And you understand I don't have to follow it, understood?

[BIELAS]: Yes, Your Honor.

THE COURT: Excellent. And you understand the consequences of a guilty plea?

[BIELAS]: Yeah.

THE COURT: And you understand that you could be looking at credit for time served or some prison time or some local time, understood?

[BIELAS]: Yes, sir.

THE COURT: But on this charge, it's an Assault 4, so a 364, $5,000 fine, understood?

[BIELAS]: Yes, sir.

THE COURT: But the biggest thing is that you're going to lose your license—your privilege to possess a weapon, that's the big one. Understood?

[BIELAS]: Yes, sir.

THE COURT: Any questions?

[BIELAS]: No, sir.

THE COURT: And the recommendation, now that I have this in front of me, says that 20 days of work crew. They have opened up work crew, so you're going to do 20 days of work crew.

[BIELAS]: Yes, Your Honor.

Verbatim Rep. of Proc. (VRP) (Mar. 23, 2022) at 5-6. The superior court accepted Bielas' *Newton*[1]

plea.

---

[1] *State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976).

The case immediately moved to a sentencing hearing. The State recounted the facts underlying the assault charge, noting that Bielas struck the victim in the jaw and caused substantial injury. The victim also addressed the superior court. The victim recounted additional injuries that Bielas inflicted on her on other occasions as well as the emotional toll Bielas' abuse had caused. The victim also explained that she had initially been wrongfully arrested as the aggressor of the incident but was later exonerated.

The State told the superior court that the plea agreement was the result of extensive negotiations and was reached as a result of multiple complications in the investigation of the case, including the initial arrest of the victim. The State also explained the firearm charge had been dismissed because there was a conflict between state and federal law and complications with testing the firearm. The State ended by asking the superior court to follow the sentencing recommendation of 20 days' work crew.

When the superior court gave Bielas' attorney the opportunity to speak, the following exchange took place:

> [COUNSEL]:  Thank you, Your Honor.
>
> Counsel is correct.  Initially [the victim] was arrested.  There was, as indicated, a puncture wound to Mr. Bielas.  And Your Honor can imagine that at trial, a fact finder is going to see that two officers found his injuries credible, his story credible and he's going to—he's going to maintain that at trial.  We're also going to learn at trial that—
>
> THE COURT:  We're not going to trial, though, [counsel].  Your client pleaded guilty so you might want to focus on that at this point.
>
> [COUNSEL]:  Yeah, but we've [pleaded] guilty to an Assault 4, not Assault 2.
>
> THE COURT:  Understood.  I'm just indicating—
>
> [COUNSEL]:  And so if they're going to—

THE COURT: —they said they—

[COUNSEL]: —talk about Assault 2, Your Honor, I'm going to talk about it unless Your Honor is going to disregard it.

THE COURT: I'm not dealing with an Assault 2. I'm dealing [with] an Assault 4, domestic violence.

[COUNSEL]: Okay.

THE COURT: That's all I'm dealing with.

[COUNSEL]: So—

THE COURT: That he [pleaded] guilty to.

[COUNSEL]: He did.

And, you know, he's—he's going to—he's going to—it's just that he defended himself and that's—that's what would be at trial. And so when she's exonerated, the case begins to be investigated against him and this firearm is—it's discussed that it's at his friend's house. It's an antique musket, Your Honor, and—

THE COURT: I'm not worried about a firearm. He didn't plead guilty to a firearm. He [pleaded] guilty to Assault 4 in the fourth degree, domestic violence. I have photographs of the injuries. That's all I'm looking at, nothing more, nothing less.

[COUNSEL]: Well, Your Honor, can I not respond to the things—

THE COURT: You may make a record.

[COUNSEL]: —that were addressed?

THE COURT: I'm going to let you make a record of anything you wish to do, but I just want to make sure you understand, I'm listening to what the guilty plea was to and what the victim's statement was regarding the Assault 4, domestic violence. That's all I'm looking at. You may address anything for the record. I'll give you a chance to make a clear record for anything that you wish to preserve.

[COUNSEL]: Well, I was just trying to, you know, fill the Court in on the—on the story and counter the story that Your Honor just heard. But if Your Honor has already made up your mind, I can just stop talking.

THE COURT: Well, no, I've not made up my mind. But [the State] is indicating he wants me to follow the recommendation, so that's the problem.

. . . .

THE COURT: Anything else for the record, [counsel]? I interrupted you a couple of times because I wanted to make sure that whether he had a weapon or not doesn't come into play, whether the alleged victim, now victim, was charged and acquitted doesn't come into play. I solely look at what I see is an assault in the fourth degree, domestic violence. I took the statements from the victim. I saw a photograph.

4

> There's an allegation that you indicated that there was some self-defense going on at trial potentially.
>
> Anything else that you wish to make a record, because I want to make sure you have a clear chance to make a record on this matter?

VRP (Mar. 23, 2022) at 21-27. Counsel said nothing further, and Bielas declined to make a statement.

Following the parties' presentations, the superior court said it was not going to follow the agreed sentencing recommendation.[2] The superior court explained:

> You've [pleaded] guilty to Assault 4, domestic violence. That's what you [pleaded] guilty to. I heard the victim describe what the injuries were. I saw a photograph of the injuries. I understand all the circumstances. I understand that this was a complex case that for whatever reason the recommendation was for a work crew. I'm not following work crew. This is a case where you probably should be 365 in custody, absolutely 365 in custody.
>
> You will go into custody. You're going into custody today. This is probably a case more like 10 months in custody. I'm going to take you into custody for 10 months. The last 30 I'll let you do on work crew or work release. Common sense dictates that I go that route. That's what I'm looking at. I don't judge these cases on emotion. I just look at the facts. I look at what you [pleaded] to.

VRP (Mar. 23, 2022) at 29. The superior court imposed 10 months' confinement.

The next day, Bielas moved to withdraw his guilty plea, arguing that the superior court did not inform him that it did not intend to follow the prosecutor's recommendation in the plea agreement. The State objected to allowing Bielas to withdraw his guilty plea. The superior court denied Bielas' motion.

Bielas appeals.

---

[2] The superior court noted that it had only declined to follow a sentencing recommendation about 9 times in the previous 15 years.

ANALYSIS

Bielas argues the superior court abused its discretion by not acting fairly and impartially at sentencing. Further, Bielas argues that under RCW 9.94A.431(1) the superior court erred by not allowing Bielas to withdraw his guilty plea when the superior court determined that it would not follow the parties' sentencing recommendation. We disagree.

I. SENTENCING

Bielas argues that the superior court abused its discretion at sentencing by failing to act impartially. Bielas primarily cites to cases regarding the right to allocution. Specifically, Bielas cites to *State v. Happy*, 94 Wn.2d 791, 620 P.2d 97 (1980) and *State v. Peterson*, 97 Wn.2d 864, 651 P.2d 211 (1982), *abrogated on other grounds by State v. Sledge*, 133 Wn.2d 828, 947 P.2d 1199 (1997). However, both of those cases address the right to allocution under the allocution provision in former CrR 7.1(a)(1), which was later deleted from the rules. *Happy*, 94 Wn.2d at 792-93; *Peterson*, 97 Wn.2d at 867-68; *see also State v. Canfield*, 154 Wn.2d 698, 704, 116 P.3d 391 (2005). Therefore, *Happy* and *Peterson* are inapplicable here.

Bielas also argues that the superior court failed to act fairly and impartially.[3] However, Bielas must overcome a presumption that the superior court acted impartially. "The trial court is presumed to perform its functions without bias or prejudice." *State v. Hecht*, 2 Wn. App. 2d 359, 369, 409 P.3d 1146, *review denied*, 190 Wn.2d 1024 (2018). To overcome this presumption, an

---

[3] We review Bielas' claim that the superior court generally failed to act fairly and impartially. To the extent that Bielas is specifically arguing that the superior court violated the Canons of Judicial Conduct (CJC), we note that this court does not enforce the CJC.

appellant must provide "specific facts establishing bias," which "[j]udicial rulings alone almost never constitute. . . ." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004).

Here, Bielas points only to isolated statements in the superior court's oral ruling to support his claim that the superior court had already made up its mind at sentencing and failed to act impartially. But the superior court's statements, by themselves, are not evidence that the trial court was biased or failed to act impartially; indeed, the trial court stated multiple times that it had not made up its mind. *Id.* (judicial rulings alone almost never constitute specific facts constituting bias). The mere fact that the superior court failed to follow the sentencing recommendation is also not evidence of bias, especially when the law is clear the superior court is not bound by any sentencing recommendation. RCW 9.94A.431(2) ("The sentencing judge is not bound by any recommendations contained in an allowed plea agreement and the defendant shall be so informed at the time of plea."). Bielas' has not overcome the presumption that the superior court performed its functions without bias or prejudice.

## II. WITHDRAWAL OF PLEA

Bielas also argues that under RCW 9.94A.431(1) the superior court was required to allow Bielas to withdraw his guilty plea when it decided it was not going to follow the agreed sentencing recommendation in the plea agreement. Assuming, without deciding, that RCW 9.94A.431(1) applies to Bielas's plea to fourth degree assault, we disagree that RCW 9.94A.431(1) required the superior court to allow Bielas to withdraw his guilty plea.

RCW 9.94A.431(1) provides:

If a plea agreement has been reached by the prosecutor and the defendant pursuant to RCW 9.94A.421, they shall at the time of the defendant's plea state to the court, on the record, the nature of the agreement and the reasons for the agreement. The

prosecutor shall inform the court on the record whether the victim or victims of all crimes against persons, as defined in RCW 9.94A.411, covered by the plea agreement have expressed any objections to or comments on the nature of and reasons for the plea agreement. The court, at the time of the plea, shall determine if the agreement is consistent with the interests of justice and with the prosecuting standards. If the court determines it is not consistent with the interests of justice and with the prosecuting standards, the court shall, on the record, inform the defendant and the prosecutor that they are not bound by the agreement and that the defendant may withdraw the defendant's plea of guilty, if one has been made, and enter a plea of not guilty.

A plea agreement is a contract between the State and the defendant. *State v. Westwood*, 10 Wn. App. 2d 543, 550, 448 P.3d 771 (2019). And RCW 9.94A.431(1) applies when the superior court intends to relieve the parties of their obligations under the plea agreement. *See id.* at 550-57 (analyzing whether the superior court erred by refusing to accept the plea agreement and setting the case for trial). Moreover, it is well established that the superior court is not bound by the parties' sentencing recommendation. RCW 9.94A.431(2) clearly states, "The sentencing judge is not bound by any recommendations contained in an allowed plea agreement and the defendant shall be so informed at the time of the plea."

Here, despite Bielas' assertions to the contrary, the superior court never found that the plea agreement (pleading guilty to fourth degree assault in exchange for the State dismissing felony charges and an agreed sentencing recommendation) was inconsistent with the interests of justice or the prosecuting standards. And the State fulfilled its obligations under the agreement by amending the information and adhering to the agreed sentencing recommendation. Under RCW 9.94A.431, read as a whole, the superior court did not err by refusing to allow Bielas to withdraw his guilty plea because the superior court declined to follow the agreed sentencing recommendation in the plea agreement.

8

No. 56796-2-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.J.

LEE, J.