[No. 7519–9–II.   Division Two.   August 9, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL
ANTHONY MALYCHEWSKI, *Appellant*.

*Paul R. Bruce,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard Melnick, Deputy,* for respondent.

PETRICH, J.—Paul A. Malychewski appeals the juvenile court's order of commitment following a disposition hearing pursuant to RCW 13.40.150. Two issues are raised on appeal: (1) whether the juvenile court effectively chilled Malychewski's right of allocution at the disposition hearing; and (2) whether the juvenile court erroneously characterized Malychewski as a "serious offender" for purposes of sentencing. We find no error and affirm.

By amended information dated November 30, 1983, Malychewski, born August 23, 1967, was charged with one count of first degree robbery and one count of second degree burglary. The robbery count stemmed from several "purse snatching" incidents involving elderly women, and the burglary count stemmed from an unrelated entry into a residence. Malychewski entered a plea of guilty on both counts. After a disposition hearing, the court sentenced Malychewski within the standard range to 103 to 129 weeks on the robbery count and 8 to 12 weeks on the burglary count. Malychewski appeals the sentences.

The disposition of a juvenile offender within the standard range of punishment may be appealed pursuant to RCW 13.04.033 in the same manner as criminal cases. *In re Schellong,* 94 Wn.2d 314, 317, 616 P.2d 1233 (1980). Generally, a disposition within the standard range requires no explanation. *State v. Strong,* 23 Wn. App. 789, 792, 599 P.2d 20 (1979). However, the disposition court must nevertheless follow the directives of RCW 13.40[1] and must consider, on the record, any mitigating and aggravating circumstances, plus other enumerated factors set out in

---

[1]Portions of RCW 13.40 were amended by Laws of 1983, ch. 191, p. 1018, effective July 24, 1983. The amended portions do not pertain to the case at bar.

490

RCW 13.40.150. *State v. Fellers,* 37 Wn. App. 613, 618–19, 683 P.2d 209 (1984).

I

RIGHT OF ALLOCUTION

Malychewski draws an analogy between the juvenile disposition hearing and the adult criminal sentencing proceeding, wherein the defendant and counsel are afforded the opportunity to present information in mitigation of punishment. *See* former CrR 7.1(a)(1);[2] *State v. Peterson,* 97 Wn.2d 864, 651 P.2d 211 (1982); *State v. Happy,* 94 Wn.2d 791, 620 P.2d 97 (1980).

Such a comparison may provide a conceptual guideline, but JuCR 7.12(b) specifically states that juvenile disposition hearings be held in accordance with RCW 13.40.150. The court is required to follow the directives of the statute.

RCW 13.40.150 states in relevant part:

Disposition hearing—Scope—Factors to be considered prior to entry of dispositional order. (1) In disposition hearings all relevant and material evidence, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though such evidence may not be admissible in a hearing on the information. The youth or the youth's counsel and the prosecuting attorney shall be afforded an opportunity to examine and controvert written reports so received and to cross–examine individuals making reports when such individuals are reasonably available, but sources of confidential information need not be disclosed. The prosecutor and counsel for the juvenile may submit recommendations for disposition.

. . .

(3) Before entering a dispositional order as to a respondent found to have committed an offense, the court shall hold a disposition hearing, at which the court shall:

(a) Consider the facts supporting the allegations of criminal conduct by the respondent;

(b) Consider information and arguments offered by

---

[2]Amended CrR 7.1(b) permits the presentation of *written* information to the court if authorized by RCW 9.94A.110.

parties and their counsel;

(c) Consider any predisposition reports;

(d) Afford the respondent and the respondent's parent, guardian, or custodian an opportunity to speak in the respondent's behalf;

(e) Allow the victim or a representative of the victim and an investigative law enforcement officer to speak;

(f) Determine the amount of restitution owing to the victim, if any;

(g) Determine whether the respondent is a serious offender, a middle offender, or a minor or first offender;

(h) Consider whether or not any of the following mitigating factors exist:

(i) The respondent's conduct neither caused nor threatened serious bodily injury or the respondent did not contemplate that his or her conduct would cause or threaten serious bodily injury;

(ii) The respondent acted under strong and immediate provocation;

(iii) The respondent was suffering from a mental or physical condition that significantly reduced his or her culpability for the offense though failing to establish a defense;

(iv) Prior to his or her detection, the respondent compensated or made a good faith attempt to compensate the victim for the injury or loss sustained; and

(v) There has been at least one year between the respondent's current offense and any prior criminal offense;

(i) Consider whether or not any of the following aggravating factors exist:

(i) In the commission of the offense, or in flight therefrom, the respondent inflicted or attempted to inflict serious bodily injury to another;

(ii) The offense was committed in an especially heinous, cruel, or depraved manner;

(iii) The victim or victims were particularly vulnerable;

(iv) The respondent has a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement;

(v) The respondent was the leader of a criminal enterprise involving several persons; and

(vi) There are other complaints which have resulted in

diversion or a finding or plea of guilty but which are not included as criminal history.

Malychewski contends that the court did not comply with the statutory mandate. In particular, he argues that: (1) the court did not fully consider the argument by counsel that the facts surrounding the "purse snatching" incidents constituted only second degree robbery, notwithstanding the plea of guilty to first degree robbery; and (2) the sentencing judge's statement that the introduction of certain facts would "lose him points" precluded Malychewski from introducing argument and constituted a violation of "appearance of fairness or justice," citing *State v. Buntain*, 11 Wn. App. 101, 521 P.2d 752 (1974).

At the disposition hearing, the State sought a determination of manifest injustice and commitment until Malychewski was 21 years old. The State introduced facts that Malychewski stole purses from two elderly women and inflicted physical injury in the process. Malychewski expressly waived any objection to the guilty plea at the disposition hearing.[3] Nevertheless, Malychewski's counsel argued that the sentence should be within the standard for second degree robbery because the facts did not meet the elements of first degree robbery.

■ We need not consider whether Malychewski's substantive argument has merit. We are concerned solely with whether the sentencing judge at the disposition hearing allowed him the opportunity to so argue. In a vacuum some of the judge's comments on the record might seem inappropriate, but they in no way prevented Malychewski from realizing his rights under RCW 13.40.150. The record indicates that the judge did listen to the argument and did grant Malychewski great latitude in his presentation of mitigating factors. Although the judge disagreed with Malychewski's position and said so, the long and short of

---

[3]During the course of the hearing and prior to the imposition of the sentence, he was asked, in view of the nature of his presentation, whether he wanted to withdraw his guilty plea and he declined.

the matter is that the judge followed the strictures of RCW 13.40.150. There is no error.

## II
## "SERIOUS OFFENDER"

The trial court below characterized Malychewski as a "serious offender" for both counts and sentenced him accordingly. A "serious offender" is defined in RCW 13.40-.020(1)[4] as follows:

(1) "Serious offender" means a person fifteen years of age or older who has committed an offense which if committed by an adult would be:
(a) A class A felony, or an attempt to commit a class A felony;
(b) Manslaughter in the first degree or rape in the second degree; or
(c) Assault in the second degree, extortion in the first degree, indecent liberties, kidnapping in the second degree, robbery in the second degree, burglary in the second degree, or statutory rape in the second degree, where such offenses include the infliction of bodily harm upon another or where during the commission of or immediate withdrawal from such an offense the perpetrator is armed with a deadly weapon or firearm as defined in RCW 9A.04.110;

A "middle offender" is defined in RCW 13.40.020(13) as follows:

(13) "Middle offender" means a person who has committed an offense and who is neither a minor or first offender nor a serious offender;

The first degree robbery count against Malychewski clearly establishes him as a "serious offender" by definition. The facts surrounding the second degree burglary count do not support a finding of "serious offender" on count 2. In this respect, Malychewski argues that it is patently unfair to punish him on count 2 as if he was a "serious offender." The State argues that once a juvenile offender is a "serious offender" on one count, he is automatically a "serious

---

[4]RCW 13.40.020, *amended by* Laws of 1983, ch. 191, § 7.

offender" for all counts. We agree with the State.

■ We defer to the juvenile disposition sentencing standards established by the commission pursuant to former RCW 13.40.030.[5] A full text of the standards is found in the Washington State Register, specifically 83–16–060 (1983). Under the standards, the characterization of Malychewski as a "serious offender" for both counts makes a big difference. If Malychewski was a "middle offender" for count 2, the maximum confinement would be 5 to 10 days. As a "serious offender," the same crime earns him 8 to 12 weeks' institution time.[6] While the better policy might be to classify the offenses rather than the offender, especially in a case as the present one where the juvenile offender has no prior criminal history, the standards provide the following instructions:

INSTRUCTIONS

After computing the points for each current offense using Sentencing Schedules A, B and C, use the following steps to determine the offender's disposition:

1. *Using the most serious current offense, determine whether the offender is a serious, middle, or minor/first offender.*

2. Select the schedule (D–1, D–2, or D–3) appropriate to the offender category (minor/first, middle, or serious).

3. Select one of the sentencing options from the appropriate schedule.

(Italics ours.)

The court properly characterized Malychewski as a "serious offender" on both counts. There is no error.

Affirmed.

WORSWICK, C.J., and ALEXANDER, J., concur.

Review denied by Supreme Court October 18, 1985.

---

[5]Former RCW 13.40.030, *amended by* Laws of 1983, ch. 191, § 6.

[6]Pursuant to RCW 13.40.180, the sentences for the two crimes shall run consecutively. Accordingly, the 8 to 12 weeks for count 2 would be in addition to the 103 to 129 weeks for count 1.