
FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 JUN 12 AM 9: 05

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74941-2-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| SAICHAUN P. HARDY, | ) | UNPUBLISHED OPINION |
| B.D. 04/10/01, | ) ) | |
| | ) | FILED: June 12, 2017 |
| Appellant. | ) | |

BECKER, J. — Saichaun Hardy, a juvenile, challenges an order denying his request for a manifest injustice disposition. The disposition was within the standard range, the court exercised its discretion, and therefore the order is not appealable.

The juvenile court entered 53 findings of fact to support the ultimate finding of guilt on the charge of first degree robbery. According to the findings of fact, 14-year-old Hardy was standing outside a convenience store in downtown Seattle around 10:30 p.m. one night in September 2015. A young woman left the store, and Hardy started talking to her. As their conversation ended and the woman turned to leave, he grabbed a cell phone out of her back pocket and ran away. The woman chased and caught up to Hardy. She used a small stun gun on him. He started to run away again but dropped his cell phone. The victim picked it up. She told Hardy that she would give back his phone if he returned

hers. Hardy continued running away. When the woman continued chasing him, Hardy pulled a BB gun out of his waistband and fired a shot which struck the woman on the bridge of her nose, right between the eyes. Police arrested him soon afterwards.

The State charged Hardy with one count of first degree robbery. The fact finding hearing occurred on January 14, 2016. Hardy testified. He did not deny taking the woman's phone or shooting his BB gun. He testified that he shot her in self-defense because he was afraid she would use the stun gun on him again. He argued that even if the court did not find he acted in self-defense, there was insufficient evidence that Hardy used force with intent to retain the victim's property, an element of robbery. He suggested that the court consider convicting him of the lesser included offenses of assault and theft.

The court concluded that the State had met its burden and found Hardy guilty of robbery. The standard range for first degree robbery is 103 to 129 weeks' confinement. RCW 13.40.0357. A disposition outside the standard range is appropriate if the court determines that imposing the standard range would effectuate a manifest injustice. RCW 13.40.160(2). Hardy requested a disposition of 47 to 52 weeks. The first mitigating factor he relied on is "The respondent acted under strong and immediate provocation." RCW 13.40.150(3)(h)(ii). The second mitigating factor he relied on is "The respondent was suffering from a mental or physical condition that significantly reduced his or her culpability for the offense though failing to establish a defense." RCW 13.40.150(3)(h)(iii). Hardy argued that his youthfulness

2

contributed to his actions and reduced his culpability. The State opposed the request for a mitigated sentence. The court imposed the standard range disposition of 103 to 129 weeks.

Hardy's appeal challenges the decision to impose a disposition within the standard range. He does not appeal the finding of guilt.

Hardy assigns error to 8 out of the 53 factual findings in an effort to create a record more supportive of his contention that the victim provoked him into shooting. According to Hardy's testimony, his firing of the shot was in immediate response to the victim's shooting him in the chest with the stun gun. In Hardy's account, he fired his BB gun back at her because he was afraid of her, not as a use of force that would enable him to retain the stolen cell phone. We reject Hardy's argument that the challenged findings are at odds with the evidence. They are supported by the victim's testimony.

Hardy contends the court abused its discretion by failing to adequately consider whether to apply the two mitigating factors.

A juvenile disposition is appealable in the same manner as a criminal sentence. RCW 13.04.033(1); State v. J.W., 84 Wn. App. 808, 811, 929 P.2d 1197 (1997). A standard range disposition is appealable only if the trial court failed to follow required procedure. State v. M.L., 114 Wn. App. 358, 361, 57 P.3d 644 (2002). Review is limited to circumstances where the trial court relied on an impermissible basis for refusing to impose a mitigated sentence or refused to exercise its discretion at all. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), review denied, 136 Wn.2d 1002 (1998). Simply arguing

that the trial court abused its discretion does not raise an appealable issue. J.W., 84 Wn. App. at 811.

Before imposing a juvenile disposition, the trial court is required to consider on the record any aggravating or mitigating factors presented. RCW 13.40.150(3)(h); M.L., 114 Wn. App. at 363. The trial court followed this procedure. The court's statements on the record of the disposition hearing reflect consideration of the mitigating factors Hardy proposed. The court referred to evidence submitted by Hardy, including a sentencing evaluation prepared by an expert witness. The evaluation discussed Hardy's amenability to treatment but also acknowledged his lengthy juvenile record of 23 prior charges and his failure to engage with previous efforts to get him into counseling and family therapy.

The court said, "I'm trying to be sensitive to the fact of the length of time [of the standard range] that I have is very long, but also I need to compare it to behaviors that Mr. Hardy has demonstrated." The court concluded that Hardy failed to carry his burden of demonstrating by clear and convincing evidence that mitigation was warranted.

The court's ruling specifically addressed the two factors presented, immediate provocation and youthfulness, and did not find that either was supported by the facts. The court's written order provides, "Finding no statutory mitigating factors present in the instant case, the court denies the respondent's motion for a manifest injustice downward disposition." The court entered

4

supplemental factual findings which likewise conclude there was insufficient evidence to support the mitigating factors presented by Hardy.

On this record, we are satisfied that the court adequately considered whether mitigating factors were present before exercising its discretion to decline appellant's request for a manifest injustice disposition. Hardy's standard range disposition is not appealable.

Appeal denied.

_Becker, J._

WE CONCUR:

_____

_Mann, J._