IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35242-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| Trey M.,[†] | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Trey M. pleaded guilty to one count of child

molestation in the first degree and now appeals his sentence. He argues the trial court

abused its discretion by calculating his offender score as a 3 for his three prior felony

harassment convictions. He also argues the trial court erred by failing to consider a

purported mitigating factor, *his* specific needs.

We conclude the sentencing court did not abuse its discretion when it calculated

Trey M.'s offender score as 3. We also conclude the court followed proper procedures

prior to sentencing Trey M. and also considered *his* specific needs. His standard range

---

[†] We have changed the case title in accordance with an amendment to RAP 3.4 and the General Order for the Court of Appeals, *In Re Changes to Case Title* (Wash. Ct. App. 2018), both effective September 1, 2018.

sentence is therefore not reviewable.  We affirm.

FACTS

In 2014, Trey M. told a mental health counselor that he planned to kill three of his fellow students.  *State v. Trey M.*, 186 Wn.2d 884, 888-89, 383 P.3d 474 (2016), *cert. denied*, 138 S. Ct. 313, 199 L. Ed. 2d 207 (2017).  He explained his plan in detail to his counselor.  The counselor considered the threats to be serious and contacted law enforcement.  *Id*. at 889.

An officer interviewed Trey M. and asked Trey M. to explain what he had told his counselor, and what he would do.  *Id*.  Trey M. repeated his plans in detail to the officer. *Id*.

The State charged Trey M. with three counts of felony harassment threat to kill. *Id*. at 890.  At trial, each victim testified that he had learned of Trey M.'s plan, and the plan caused each boy various levels of fear.  *Id*. at 890-91.  There was no evidence that the victims heard Trey M.'s plan from Trey M.  *Id*. at 909 (McCloud, J., dissenting).  The juvenile court found that the State had proved the charges and entered an adjudication of guilt as to all three counts.  *Id*. at 891.  The Washington Supreme Court affirmed all three adjudications.  *Id*. at 908.

In 2016, 16-year-old Trey M. molested a 7-year-old girl while they played hide and seek.  According to the narrative report, the girl said Trey M. had touched her

"'everywhere' on her body," including "under her shirt and over her clothing on her . . . bottom and vagina." Clerk's Papers at 3. The State charged Trey M. with first degree child molestation. Trey M. pleaded guilty.

At the dispositional hearing, Trey M. argued that his offender score should be 1 for his three prior felony harassment convictions. Trey M. emphasized that he did not communicate his ideations of killing to the victims, but instead communicated his ideations to his counselor, and later to an officer at the officer's direction. Trey M. argued that had the police not informed the three boys, there would not have been any victim.

The sentencing court reviewed records from the earlier case, including the information, the dispositional order, and the findings and conclusions. The court found that Trey M. had articulated his desire to kill three separate victims, and if he had carried out his threat, there would be three counts of murder. The court concluded that the three felony harassment convictions were not the same course of conduct, that Trey M. had an offender score of 3, and that his standard range sentence was 103 to 129 weeks.

Trey M. also argued for a downward deviation of his standard range sentence based on manifest injustice. He admitted there were no "specific enunciated factors that would warrant a downward departure based on the offense conduct." Report of Proceedings at 108-09. He took issue with the Supreme Court's majority opinion and

alluded to points raised in the dissenting opinion. The sentencing court rejected Trey

M.'s request for a manifest injustice sentence and imposed a standard range sentence.

Trey M. appeals.

## ANALYSIS

A.    PRIOR CONVICTIONS AS SAME COURSE OF CONDUCT

Trey M. argues the trial court erred by calculating his offender score as 3 instead

of 1. He contends his three prior felony harassment convictions constitute the "same

course of conduct" and only the most serious one should count toward his offender score.

A trial court's determination of whether prior convictions constitute the "same

course of conduct" is reviewed for an abuse of discretion or misapplication of law. *State

v. Graciano*, 176 Wn.2d 531, 535, 295 P.3d 219 (2013). "An abuse of discretion occurs

only when the decision of the court is 'manifestly unreasonable, or exercised on untenable

grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d

32 (2009) (quoting *State ex. rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775

(1971)). "A court abuses its discretion when the record supports only one conclusion on

whether the crimes constitute the same criminal conduct." *State v. Latham*, 3 Wn. App.

2d 468, 479, 416 P.3d 725, *review denied*, 426 P.3d 738 (2018). When either conclusion

is adequately supported by the record, the decision is within the court's discretion.

*Graciano*, 176 Wn.2d at 538.

A juvenile's sentencing range is calculated with a point total for prior offenses coupled with a letter grade for the seriousness of the current offense. RCW 13.40.0357. When calculating prior offenses, a sentencing court counts only the highest charge in those cases where the juvenile was convicted of two or more charges arising out of the same course of conduct. RCW 13.40.020(8)(a).

The Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW, does not define "same course of conduct." However, our Supreme Court has held that the JJA's "same course of conduct" phrase has the same meaning as the "same criminal conduct" phrase in the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *State v. Contreras*, 124 Wn.2d 741, 748, 880 P.2d 1000 (1994).

The SRA defines "same criminal conduct" as, "two or more crimes that require the same criminal intent, are committed at the same time and place, *and involve the same victim*." RCW 9.94A.589(1)(a) (emphasis added). To the extent the offenses involve different intent, or different time and place, or different victims, the offenses are counted separately. *State v. Chenoweth*, 185 Wn.2d 218, 220, 370 P.3d 6 (2016).

Here, Trey M. has three prior convictions for felony harassment threat to kill. Each conviction had a separate victim, a victim who reasonably believed that Trey M.'s threat to kill would be carried out.

Trey M. nevertheless argues that the victim was singular, the public. Trey M.

emphasizes that he never communicated his plan to any of the victims and that the victims

likely learned of his plan through "several layers of hearsay." Appellant's Br. at 9.

Even if the sentencing court could have found that the public was the victim, we

would not conclude that the court abused its discretion here. A sentencing court abuses

its discretion only when the record supports one conclusion. *Graciano*, 176 Wn.2d at

537-38. Here, the record supports the court's conclusion that there were three victims.

For this reason, we find no abuse of discretion.

B.      STANDARD RANGE SENTENCE NOT REVIEWABLE

Trey M. argues the sentencing court abused its discretion by denying his argument

for a downward deviation due to manifest injustice. Trey M. notes the court's comment

during sentencing that it had not read *State v. Trey M.* Trey M. argues that this failure

caused the court to be unaware of "the special needs of *this specific defendant*."

Appellant's Br. at 11 (emphasis in original).

A juvenile offender disposition is reviewable in the same manner as a criminal

sentence. RCW 13.04.033(1). A standard range sentence is reviewable only if the

sentencing court failed to follow a required procedure. *State v. Mail*, 121 Wn.2d 707,

712, 854 P.2d 1042 (1993); *State v. M.L.*, 114 Wn. App. 358, 361, 57 P.3d 644 (2002).

As part of the procedure, the trial court must consider any presented aggravating or mitigating factors before imposing a juvenile disposition. RCW 13.40.150(3)(h). The mitigating factors the court must consider are whether:

(i) The respondent's conduct neither caused nor threatened serious bodily injury or the respondent did not contemplate that his or her conduct would cause or threaten serious bodily injury;

(ii) The respondent acted under strong and immediate provocation;

(iii) The respondent was suffering from a mental or physical condition that significantly reduced his or her culpability for the offense though failing to establish a defense;

(iv) Prior to his or her detection, the respondent compensated or made a good faith attempt to compensate the victim for the injury or loss sustained; and

(v) There has been at least one year between the respondent's current offense and any prior criminal offense.

*Id.*

Here, the record shows that the sentencing court followed the proper procedures and considered the mitigating factors under RCW 13.40.150(3)(h). The court also heard lengthy arguments from Trey M., who emphasized selected portions of *State v. Trey M.* The record reflects the sentencing court's thoughtful concern that Trey M.'s sentence be based on how long it would take Trey M. to complete various programs beneficial to *his* needs while incarcerated. After considering all these factors, the court exercised its discretion and imposed a standard range sentence. Because the sentencing court followed the proper procedures, we have no basis to review Trey M.'s standard range sentence.

No. 35242-1-III
*State v. Trey M.*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.

8