IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39325-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A.V., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — A.V. pleaded guilty to attempted first degree robbery. A superior court commissioner imposed a manifest injustice disposition downward to 70 weeks. On revision, the superior court imposed a standard range sentence of 103-129 weeks, finding a manifest injustice disposition was not supported by clear and convincing evidence. A.V. appeals, raising three arguments. First, A.V. argues the superior court abused its discretion by failing to consider nonstatutory mitigating factors in revising the commissioner's disposition or recognize its authority to do so. Second, A.V. argues that clear and convincing evidence supports a finding of a manifest injustice so the imposition of a standard range sentence is improper. Third, A.V. argues the superior court abused its discretion by failing to recognize its authority to remand the case to the commissioner for additional fact finding. We disagree with these arguments and affirm.

BACKGROUND

A.V. had just turned 17 when he was arrested and charged in juvenile court with one count of first degree robbery. The allegations were that A.V. and two codefendants flashed a gun and threatened a store clerk while stealing beer from a convenient store. The State eventually reduced the charge to attempted first degree robbery in exchange for A.V.'s guilty plea.

On September 7, 2022, A.V. entered a guilty plea before a superior court commissioner. At the disposition hearing, the State requested a standard range sentence of 103-129 weeks, while A.V. argued for a manifest injustice sentence of 30-40 weeks.

A.V. cited three statutory bases under RCW 13.40.150(h) supporting the manifest injustice recommendation. First, A.V. asserted that he did not contemplate that his conduct would cause or threaten serious bodily injury to the victim. Second, there had been at least one year between the current offense and any prior criminal offense. And third, A.V. had a mental condition that significantly reduced his culpability because he was suffering from fetal alcohol syndrome.

A.V. also argued that nonstatutory factors supported his manifest injustice recommendation. He asserted that the "purposes" of the Juvenile Justice Act outlined in RCW 13.40.010(2) should be taken into account. These purposes include protecting citizens from criminal behavior, providing for the handling of juvenile offenders by

communities whenever consistent with public safety, and rehabilitating the juvenile offender.

A.V. explained that "[he] and his parents are taking this matter seriously and are planning to seek appropriate supportive services" and that "[he] is remorseful and ashamed of his behavior and eager to ensure that nothing like it happens again." Clerk's Papers (CP) at 104. Additionally, he asked the court to consider that he is adopted and his parents separated in 2019, which was hard for him. A.V. noted that "[he] and his parents have been working on putting together a plan for him to get on the right path such as joining job corps [sic]." CP at 99. Further, that "[he] has not had the opportunity to engage in community programs that would result in rehabilitation" nor has he "been given the opportunity to make amends." CP at 99-100. A.V. argued that these factors support a manifest injustice disposition downward and the purposes of the Juvenile Justice Act would not be served by a standard range sentence.

After hearing from the parties, the commissioner found that one of the statutory mitigating factors was proved "by clear and convincing evidence," while the others were not. CP at 100. The commissioner agreed with A.V.'s contention that there had been at least one year between his current offense and any prior criminal history, the commissioner determined there was clear and convincing evidence supporting this as a mitigating factor because A.V. had no criminal history.

On the other hand, the commissioner determined that the other statutory factors were not proved because there was not enough evidence to find that A.V.'s conduct would cause or threaten bodily injury or that A.V. suffered from a mental condition. With respect to A.V.'s contention that he had been diagnosed with fetal alcohol syndrome, the commissioner noted that A.V. had not introduced any supporting medical records. The commissioner rhetorically inquired, "[s]o how does the Court make those types of findings on that factor without at least something more from a counselor or psychologist? And the medical doctor that says: Hey, yeah. He suffered fetal alcohol syndrome." CP at 85. The commissioner determined that based on the materials presented, the court could not find by clear and convincing evidence that A.V.'s mental condition was a mitigating factor.

After considering the statutory mitigating factors, the commissioner considered the nonstatutory mitigating factors proffered by A.V. The commissioner stated, "counsel also pointed out that there's some nonstatutory factors. And they weren't really argued by either side, but . . . the Court is given some discretion to consider other factors." CP at 91.

Following these considerations, the commissioner imposed a disposition. In doing so, he stated:

> So, what the Court is basically going to do is this: I can make a finding under one of the factors. And that's that first factor. And the Court has made that finding that you haven't committed any other offenses.

4

And the court will—what the Court is going to do is this: I'm going to enter a manifest injustice downward. However, I only have, really, one statutory factor that the Court made a finding on. And your attorney pointed out some of the nonstatutory factors, and the Court did consider those. Basically, the Court is given discretion to kind of consider a bunch of factors if you make a manifest injustice downward. And there's some basis there.

CP at 91-92. The commissioner further explained, "I'm going to exercise [my] discretion and have [the sentence] go down some, to take into account the factors that the Court can find and some of the nonstatutory factors." CP at 93. He noted, "if I don't have enough of the other information, I'm not going to take it down any further." CP at 93. Accordingly, the commissioner imposed a manifest injustice of 70 weeks' confinement based on the statutory factor that there had been at least one year between the current offense and any prior criminal offense and the other nonstatutory factors presented by A.V.

Following the commissioner's imposition of a manifest injustice downward disposition, the State moved for revision by the superior court. At the revision hearing, the State argued that A.V.'s lack of criminal history cannot be a mitigating factor because the standard range disposition is the same regardless of criminal history. Although A.V. did not explicitly concede that his lack of criminal history cannot be a mitigating factor, he argued instead that "the commissioner actually based his decision on more than just the one statutory factor [and] that there were other factors that he considered." Rep. of

Proc. (RP) at 32. A.V. contended that the manifest injustice disposition was supported by

the nonstatutory factors because these factors show that a longer sentence is not needed to

rehabilitate A.V. or to protect the community, and these are the purposes underlying the

Juvenile Justice Act.

The superior court determined that the commissioner had improperly relied on a

statutory factor. "So, clearly, your parents are supportive and I'm sure you're remorseful.

However, this Court has to obey the laws and the statutes of what a revision is. And I

believe the State is correct." RP at 34. The court explained that it could not uphold the

manifest injustice disposition because of the cases listed in the State's motion holding

that criminal history cannot be a mitigating factor when the standard range disposition is

the same regardless. The court also read the commissioner's ruling during the disposition

hearing, quoted above, and then explained to A.V. why the court could not uphold the

commissioner's disposition:

> So, what happened here was the commissioner gave you a manifest
> injustice based on you have no criminal history. And that is something that
> the commissioner cannot do. That is something that I cannot do. I—I think
> that if we had the discretion, probably you would get a manifest injustice on
> that. But, the case law is clear that that is not something the Court is
> allowed to give a manifest injustice on. It's just not.

RP at 36.

A.V. also provided actual medical documents regarding his fetal alcohol syndrome

to show that his mental condition was a mitigating factor. Regarding these documents,

6

the court explained that it must base its decision only on what is in the record at the time of sentencing and it would be a violation to accept the actual documents because they were not presented at sentencing.

The court then amended A.V.'s disposition to a standard range disposition of 103-129 weeks' confinement. In doing this, the court explained:

> So, based on what I have and I'm sorry to have to say this, there is no clear and convincing evidence for a mitigation downward. So, I can't do it. And I'm sorry, but I just—it would be nice if the legislature, if they changed the rules and say hey, you know what, we're going to allow for people to argue mitigation on a charge that has the same range, no matter what your criminal history is, then this court will start to do that. But until we're allowed that authority, we can't. Okay?
>
> So, I am glad that you are remorseful. I'm glad that you are making plans. I, unfortunately, have to sentence you to the standard range.

RP at 37.

A.V. appeals.

## ANALYSIS

1. REVIEWING SUPERIOR COURT'S ORDER ON REVISION

A.V. argues the superior court erred in revising the commissioner's disposition because the commissioner's disposition was supported by its findings on nonstatutory mitigating factors. We decline to address this issue.

This court does not review a superior court's decision on whether or not to revise a commissioner's ruling. Instead, when an appeal is taken after a superior court considers a

7

motion for revision, we review the superior court's decision, not the commissioner's decision. *In the Matter of Marriage of Lyle*, 199 Wn. App. 629, 633, 398 P.3d 1225 (2017). When a superior court considers a motion for revision, the court takes full jurisdiction of the case and reviews the commissioner's decision de novo. *Id*. at 632. "Although the superior court judge cannot accept new evidence, RCW 2.24.050, a motion on revision is in all other respects equal to any other matter on the court's docket." *Id*. The denial of a motion for revision constitutes an adoption of the commissioner's findings and conclusions. *Maldonado v. Maldonado*, 197 Wn. App. 779, 391 P.3d 546 (2017). If the superior court grants revision, the court may issue its own findings and conclusions if it disagrees with any part of the commissioner's decision. *See Lyle*, 199 Wn. App. at 632-33. On subsequent appeal to this court, we review the superior court's findings and conclusions, whether they are original or adopted. *Id*.

Thus, to the extent that A.V. asks us to review the superior court's order granting revision, we decline.

2.      REMAND FOR NEW EVIDENCE

After granting revision, the superior court declined to consider new evidence of A.V.'s diagnosis of fetal alcohol syndrome. On appeal, A.V. contends that the court abused its discretion by failing to remand to the commissioner to consider the new evidence.

As noted above, although a superior court takes full jurisdiction of a case when reviewing a motion for revision, "such revision shall be upon the records of the case." RCW 2.24.050. While a superior court judge sitting on revision is precluded from considering new evidence, the court does have the authority to remand the case to the commissioner for consideration of additional evidence and fact-finding. *Perez v. Garcia*, 148 Wn. App. 131, 138, 198 P.3d 539 (2009).

Here, the superior court rejected A.V.'s proposed new evidence after recognizing the limitation imposed by RCW 2.24.050. A.V. did not request that the court remand the case for consideration of additional evidence. Yet, on appeal, A.V. argues that the superior court abused its discretion by failing to sua sponte remand for additional evidence. He contends that the failure to exercise discretion is an abuse of discretion, citing *In re Marriage of Mishko and Kehr*, 23 Wn. App. 2d 571, 578, 519 P.3d 240 (2022).

While we agree with A.V.'s premise, it is also true that a court cannot abuse discretion that it has not been asked to exercise. Moreover, since the issue of remand was not raised below, it cannot be raised for the first time on appeal unless it constitutes a manifest constitutional error. RAP 2.5(a)(3). Because A.V. did not ask the superior court to remand this case for additional evidence and fact-finding, and does not contend that the failure to do so was a manifest error, we decline to review this issue.

9

3.      STANDARD RANGE DISPOSITION

A.V. challenges the superior court's standard range disposition, arguing that the court failed to consider non-statutory mitigating factors.

We review a juvenile court's sentencing decision for an abuse of discretion. *See State v. J.W.M.*, 1 Wn.3d 58, 70, 524 P.3d 596 (2023). A juvenile court must impose a standard range disposition unless doing so would effectuate a manifest injustice. RCW 13.40.0357, .160(2); *State v. K.E.*, 97 Wn. App. 273, 278, 982 P.2d 1212 (1999). A "'[m]anifest injustice' means a disposition that would either impose an excessive penalty on the juvenile or would impose a serious, and clear danger to society in light of the purposes of" the Juvenile Justice Act. RCW 13.40.020(20). "The court's finding of manifest injustice shall be supported by clear and convincing evidence." RCW 13.40.160(2).

Before imposing a juvenile disposition, the court must consider various mitigating factors provided in RCW 13.40.150(3)(h). The court may also consider nonstatutory factors when making its determination. *J.W.M.*, 1 Wn.3d at 70. Additionally, a court may consider the purposes of the Juvenile Justice Act, such as rehabilitating the juvenile and protecting the public from criminal behavior. *State v. K.E.*, 97 Wn. App. at 283 (holding that a "court may enter a manifest injustice . . . disposition where [it] finds that a standard range disposition is not needed to rehabilitate the juvenile offender or protect the public from criminal behavior"). The court must consider all the information and

10

arguments offered by the parties. RCW 13.40.150(3)(b); *see also State v. M.L.*, 114 Wn. App. 358, 363, 57 P.3d 644 (2002) (holding that "the juvenile court is required to consider on the record any aggravating or mitigating factors presented"). This requirement is met if the trial court states that it has reviewed the reports submitted by the parties, "even though those reports were not discussed at the hearing." *Id.*

Here, the juvenile court found that the record did not support a manifest injustice disposition. The court appropriately found that A.V.'s criminal history could not support a statutory mitigating factor. In *K.E.*, 97 Wn. App. at 281, this court held that where "the standard range disposition is the same regardless of the juvenile offender's criminal history, notwithstanding RCW 13.40.150(3)(h)(v), the juvenile's criminal history, in and of itself, is not a valid basis for finding that a standard range would result in a manifest injustice and imposing a downward exceptional disposition."

While A.V. contends that the court failed to consider the nonstatutory factors, the record does not support this position. Instead, after reviewing the record, the court found that the nonstatutory factors did not support a manifest injustice disposition. The superior court read part of the commissioner's decision into the record, including the commissioner's statements regarding the nonstatutory factors. After concluding that the statutory factors were not met, the court considered the record and found that "there is no clear and convincing evidence for a mitigation downward." RP at 37. The court noted the evidence of nonstatutory factors, indicating, "I am glad that you are remorseful. I'm

11

No. 39325-9-III
*State v. A.V.*

glad that you are making plans.  I, unfortunately, have to sentence you to the standard

range."  *Id*.  After revising A.V.'s disposition, the superior court stated, "And for the

record, I did review everything and all—everything that was provided to Mr. or

Commissioner Middleton."   RP at 40.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Cooney, J.